**Affirmed and Opinion filed April 14, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00408-CV

### RUDY GUILLEN, Appellant

### V.

### U.S. BANK, N.A., Appellee

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1059227**

## O P I N I O N

Rudy Guillen appeals the judgment of the county court at law ruling in favor of U.S. Bank in a forcible entry and detainer action. Guillen argues that the county court at law did not have jurisdiction to rule on the action. We disagree. We affirm the judgment of the county court evicting Guillen and awarding immediate possession of the property at issue to U.S. Bank.

**Factual and Procedural Background**

In 2007, Guillen executed a note and accompanying Deed of Trust securing the repayment of the note with the property located at 13334 Lake Passage Lane, Houston. After defaulting on the mortgage note, Guillen received notice of a foreclosure sale on or about June 16, 2010. According to the notice, the sale was to be held on July 6, 2010. No sale of the property occurred until September 2, 2014, when U.S. Bank purchased the property. A foreclosure sale deed was recorded and U.S. Bank mailed Guillen a notice to vacate. U.S. Bank instituted a forcible entry and detainer action against Guillen in justice court. The justice court entered judgment for U.S. Bank. Guillen appealed to the county court at law.[1] While the eviction case was pending in the county court at law, Guillen filed a title suit in the Harris County district court asking the court to set aside the foreclosure because the statute of limitations had run. Guillen subsequently filed a plea to the jurisdiction in the county court, arguing that the county court did not have jurisdiction to determine immediate possession of the property until the title issue involving the validity of the foreclosure was resolved in the district court. The county court held a hearing on the plea to the jurisdiction and admitted the district court title suit into evidence. On April 13, 2015, the county court entered judgment in favor of U.S. Bank indicating that the court had jurisdiction to decide the issue of immediate possession. On April 17, 2015, Guillen filed a motion to set a supersedeas bond in order to suspend the execution of the writ of possession. The writ issued on April 23, 2015. On April 29, a hearing was held on the motion to set the supersedeas bond. At the time of the hearing, the writ of possession had not been returned to the court as executed. U.S. Bank argued that the bond could not be set because more than ten days had passed after the judgment. Guillen

___

[1] An appeal of an eviction case is by trial *de novo*. Tex. R. Civ. P. 510.10(e).

2

argued that the ten-day clock should be reset because a visiting judge "neglected to set a supersedeas bond." On April 30, the county court ordered a supersedeas bond to be set and the bond to be paid within ten days of the issuance of the order.

Guillen now appeals the county court's April 13 judgment granting immediate possession of the property to U.S. Bank, arguing that the court did not have jurisdiction over the eviction suit because the statute of limitations claim in the district court title suit had to be resolved as a prerequisite to the resolution of immediate possession. This is the only issue on appeal. We hold that the county court had jurisdiction and affirm the court's judgment.

## Analysis

In support of his argument that the county court did not have jurisdiction over the forcible entry and detainer action, Guillen argues that: (1) the statute of limitations issue litigated in the district court is so intertwined with the issue of the right of immediate possession that the county court was deprived of jurisdiction to determine possession until such time as the title issue was resolved; (2) the tenancy-at-sufferance clause cannot provide an independent basis for jurisdiction in the county court because the Deed of Trust is void; and (3) because the power of sale expired prior to the foreclosure sale, the lien and the power of sale to enforce it became invalid.

U.S. Bank asserts, as a threshold issue, that the case before us is now moot. Because "appellate courts lack jurisdiction to decide moot controversies and render advisory opinions," we address this issue first. *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999)). U.S. Bank argues that, because the title suit was removed to federal district court and decided in its favor, and Guillen's appeal rests on the proposition that the title

3

suit must be decided as a prerequisite to eviction, the appeal before us is moot. We reject this argument. First, the judgment of the federal court is not part of our appellate record. Second, the resolution of a title suit, even in the state courts, does not automatically eliminate the need for immediate possession to be adjudicated. On the contrary, the resolution of a title dispute may empower the justice court to assume jurisdiction over the forcible entry and detainer where it was previously unable to due to the pendency of the title suit. Therefore, U.S. Bank's mootness argument is without merit.

While we reject U.S. Bank's mootness argument, we still maintain "a duty to examine our own jurisdiction." *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In doing so, we recognize that the controversy regarding immediate possession may be moot for a different reason. Once a judgment is signed awarding immediate possession in a forcible entry and detainer suit, the trial court issues a writ of possession ordering law enforcement to instruct the tenant to vacate the premises and relinquish possession of the property. Tex. Prop. Code Ann. § 24.006(a) (West 2014). The tenant may suspend enforcement of the judgment—and execution of the writ of possession—by posting a supersedeas bond within ten days of the signing of the judgment. *Id.* § 24.007(a) (West 2014). If the supersedeas bond is not posted, then the writ will be executed and the tenant will be ordered to vacate. While a tenant's failure to post a bond superseding the judgment does not *per se* divest him of his right to appeal, it may moot the appeal such that this court is divested of its jurisdiction. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006). If, as a result of the issuance of the writ of possession, the tenant relinquishes possession of the property and vacates according to the court's order, then the controversy is moot unless the tenant can provide a potential

basis for a claim that he is entitled to current, actual possession of the property. *Wilhelm v. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

It is unclear from the record before us whether Guillen filed a bond to supersede the judgment while his appeal is pending. The record does indicate, however, that the court set the bond on April 30, 17 days after the judgment was signed. Even if Guillen filed the bond in the amount set by the court, it would be untimely filed according to section 24.007(a) of the Property Code. Tex. Prop. Code Ann. § 24.007(a) (West 2014). Section 24.007(a) provides that "a judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." *Id.* The court's order setting the bond is, therefore, ineffective and any bond filed by Guillen would not suffice to supersede the judgment. Determining that the judgment could not be superseded, we therefore consider whether this appeal is moot.

While failure to supersede a forcible entry and detainer judgment does not definitively moot the ensuing appeal, the appeal "becomes moot if the defendant is no longer in possession of the property, unless [he] holds and asserts 'a potentially meritorious claim of right to current, actual possession." *Briones*, 438 S.W.3d at 812 (citing *Marshall*, 198 S.W.3d at 787); *Wilhelm*, 349 S.W.3d at 768. The record does not reflect whether, despite the issuance of a writ of possession prior to the court's order setting the amount of the supersedeas bond, a writ of possession was returned as executed or if, as a result, Guillen relinquished possession of the property. There is no indication in the record that the writ was not executed, but U.S. Bank represents in its brief that Guillen remains in possession of the property. Guillen does not refute that fact in his brief and we accept it as true. *See* Tex. R.

App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). Finding that the appeal is not moot, we therefore consider the merits of Guillen's jurisdictional argument as it pertains to the justice and county courts.

Subject matter jurisdiction is a question of law we review *de novo*. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Justice courts have exclusive subject matter jurisdiction over forcible entry and detainer actions. Tex. Gov't Code Ann. § 27.031(a)(2) (West 2015). The only issue in an action for forcible entry and detainer is the right to actual and immediate possession. *Salaymeh*, 246 S.W.3d at 435. The justice courts do not have jurisdiction over any title disputes, even those related to and involving the same parties as the forcible entry and detainer action. Tex. Gov't Code Ann. § 27.031(b)(4) (West 2015); *Salaymeh*, 246 S.W.3d at 435. The justice court generally may resolve the issue of immediate possession independent of any title issues as long as a landlord-tenant relationship exists. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.). If a deed of trust contains an enforceable tenancy-at-sufferance clause, the justice court may resolve the issue of possession independent of any title issues. *Id.* at 281. "Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right of immediate possession." *Salaymeh*, 264 S.W.3d at 435. The county court's jurisdiction on appeal of a forcible entry and detainer judgment is coextensive with that of the justice court. *Id.*

Guillen argues that the statute of limitations issue he raised in the district court is sufficiently intertwined with the issue of immediate possession such that it

must be resolved in the district court before the county court may assume jurisdiction to rule on the forcible entry and detainer action. Guillen contends that, because the statute of limitations has run, both the Deed of Trust and the power of sale pursuant to it are void. If the Deed of Trust is void, it follows that the tenancy-at-sufferance clause is also void, which deprives the justice court of its independent basis for jurisdiction. In furtherance of his argument, Guillen relies on two cases in which courts of appeals have held that the justice or county court did not have jurisdiction over a forcible entry and detainer suit filed concurrently with a title suit in the district court—*Yarbrough v. Household Finance Corp., III*, 455 S.W.3d 277 (Tex. App.—Houston [14th Dist.] 2015, no pet.), and *In re Rosario Gallegos*, No. 13-13-00504-CV, 2013 WL 6056666 at *5 (Tex. App.— Corpus Christi Nov. 13, 2013, no pet.) (mem. op.).

In *Yarbrough*, the foreclosure buyer initiated a forcible entry and detainer action in justice court. 455 S.W.3d at 278. The Yarbroughs, who defaulted on the note, instituted a concurrent lawsuit in the district court, asserting that the original deed of trust had been forged and, as a result, was invalid. *Id.* at 279. If the deed of trust was invalid, the Yarbroughs argued, then the tenancy-at-sufferance clause conferring jurisdiction on the justice court was also invalid. *Id.* Therefore, the resolution of the title dispute, in which the Yarbroughs argued that the deed was deficient as forged, was a prerequisite to the resolution of the matter of immediate possession in the forcible entry and detainer suit. *Id.* This court agreed with the Yarbroughs and held that the justice court did not have jurisdiction. *Id.* at 283. In *Gallegos*, like in *Yarbrough*, the defendant in the forcible entry and detainer action filed a concurrent title suit in the district court, alleging that the original conveyance of the property at issue was invalid because it violated the Texas Constitution. 2013 WL 6056666, at *2. The defendant then filed a plea to the

7

jurisdiction alleging that the county court did not have jurisdiction due to the pendency of the title suit in district court. *Id.* The court of appeals held that, while the county court is not deprived of jurisdiction simply because there is a concurrent title dispute, the right to immediate possession of the property necessarily required a resolution of the title dispute in that specific instance. *Id.* at \*6. Therefore, the county court did not have jurisdiction. *Id.*

Guillen's reliance on both of these cases is misplaced. *Yarbrough* and *Gallegos* did not address instances in which the relevant district court title suit attacked the validity of a foreclosure. This court has twice before ruled on the relationship between such title suits and forcible entry and detainer actions in the justice courts. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Gardocki v. Fed Nat'l Mortg. Ass'n*, 14-12-00921-CV, 2013 WL 6568765, at \*4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.). In *Breton*, the defaulting parties filed a title suit in the district court based on the allegation that the substitute trustee's deed filed post-foreclosure sale was not obtained in compliance with the requirements necessary for a proper foreclosure action under Texas law. 447 S.W.3d at 564 n.8. This court held that such a title dispute "based entirely on [the] contention that the foreclosure was improper" is not intertwined with the right of immediate possession. *Id.* at 564. Likewise, in *Gardocki*, this court was unpersuaded that a title suit based on an allegation that the mortgagee had not complied with the terms of sale in the governing deed of trust was so intertwined with the right of immediate possession as to deprive the justice court of jurisdiction. 2013 WL 6568765, at \*4. The defendant in *Gardocki* argued that, because the tenancy-at-sufferance clause was contained in the section of the deed governing foreclosure, a defect in foreclosure invalidated the tenancy-at-sufferance clause and any landlord-tenant relationship

that existed as a result. *Id.* This court rejected that argument and held that the justice court had properly exercised its jurisdiction. *Id.*

Even though Guillen asserts that this case presents a novel issue, his title suit raises a validity-of-foreclosure issue that this court has twice held is "not relevant to possession." *Breton*, 447 S.W.3d at 564. Guillen seeks to distinguish his argument by citing to the Texas Supreme Court's opinion in *Wolf*, which states that when the four-year limitations period to foreclose expires, "the real-property lien and the power of sale to enforce the lien become void." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001). Because the lien expired, Guillen argues, the Deed of Trust is invalid, making the case more like *Yarbrough* than *Gardocki* or *Breton*. As this is an appeal only from the forcible entry and detainer action, we reserve judgment on whether the statute of limitations actually lapsed and whether, as a result, the Deed of Trust—and the tenancy-at-sufferance clause—was invalid. However, we see no reason to treat Guillen's statute of limitations claim differently than any other attack on the foreclosure process. The question of the foreclosure's validity—whether based on the terms of the deed or the terms of the governing statute—is to be resolved by the district court "independent of the county court's determination in the forcible detainer action that [U.S. Bank] is entitled to immediate possession of the property." *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). We therefore hold that the county court was not deprived of its jurisdiction to resolve the matter of immediate possession.

## Conclusion

The judgment of the county court awarding immediate possession of the property at 13334 Lake Passage Lane to U.S. Bank is affirmed.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Jamison, Donovan, and Brown.