

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00434-CV

Roger **WIATREK**,
Appellant

v.

Laura **WIATREK**,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 14-12-0756-CVW
Honorable Russell Wilson, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Karen Angelini, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed:  October 10, 2018

DISMISSED FOR LACK OF JURISDICTION

This is an appeal from an order in a partition suit in which the trial court found the property in question (the "Property") was owned by Roger Wiatrek and Laura Wiatrek as tenants in common and ordered the property to be sold and the proceeds divided equally between the parties. Roger complains about the portion of the trial court's order denying his claim for offset or reimbursement. In her brief and in a separate motion to dismiss, Laura asserts the appeal should be dismissed as moot. We agree, grant Laura's motion, and dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

Roger and Laura were divorced in September of 2014. The divorce decree confirmed the Property was the separate property of each party because it was conveyed to Roger and Laura during their marriage by a gift deed from Roger's father.

On December 2, 2014, Roger filed a new lawsuit seeking to partition the Property. In his petition, Roger asserted a claim requesting the trial court to award him a judgment for the estimated value of improvements he made to the property.[1] On January 12, 2015, Laura filed a counterpetition for partition asserting she and Roger each owned a fifty percent interest in the Property. Laura also filed an amended answer asserting numerous affirmative defenses to Roger's claim for reimbursement. Both Roger and Laura sought to recover their attorney's fees.

On June 9, 2015, the trial court signed a judgment confirming the Property was owned by Roger and Laura as tenants in common and that the value of the Property was $208,471.00.[2] The judgment concluded Roger did not have a claim for equitable reimbursement against Laura and stated neither party would be awarded attorney's fees "[g]iven the novel legal issue involved, and the efforts of both parties to resolve this matter in an expeditious manner."

Roger and Laura both filed a motion to modify, correct, or reform the judgment. Both Roger and Laura requested that the trial court reform the judgment to order the sale of the Property pursuant to rule 770 of the Texas Rules of Civil Procedure; however, they had different requests regarding the manner in which the Property should be sold. Roger also requested the trial court to

---

[1] The improvements consisted of the construction of a house on the Property and were completed while Roger and Laura were dating and while Roger's father owned the Property. The costs for the improvements were paid from a joint account owned by Roger and Laura. Roger alleged he transferred the money for the improvements into the joint account from his personal savings account.

[2] No reporter's record was made of the trial court proceedings. The clerk's record does contain a Stipulated Timeline and Closing Arguments filed by Laura, and a Brief in Support of the Partition of Property as Proposed by Petitioner and Closing Arguments filed by Roger.

reconsider his claim relating to the improvements. In response to these motions, the trial court reformed its judgment on July 28, 2015, solely to clarify that the judgment was interlocutory.

In her motion to dismiss, Laura asserts she and Roger entered into a Real Estate Purchase Agreement (the document is actually entitled Real Estate Sales Contract) on September 10, 2015, wherein Roger offered to purchase Laura's interest in the Property for $104,235.50, which was fifty percent of the value the trial court found the Property to be worth. Laura also asserts after she accepted Roger's offer, Roger tendered the purchase price to her. A copy of the contract and Roger's check are attached to Laura's affidavit which is attached to her motion.[3]

The clerk's record also contains a Confidential Full and Final Settlement Agreement and Mutual Release executed by Roger and Laura. The agreement appears to have been signed in January and February of 2017; however, the effective date of the agreement is November 18, 2016. Both the cause number of the divorce action and the cause number of the partition action were included in the style of the agreement. The agreement contains the following broad mutual release:

> The Parties, LAURA WIATREK and ROGER WIATREK, do hereby fully, finally and forever RELEASE, INDEMNIFY and DISCHARGE one another and their respective executors, administrators, heirs, agents, servants, members, attorneys, representatives, successors and/or assigns from any and all claims, causes of action, debts, demands, obligations, liabilities and suits whatever, whether known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted in the lawsuit, in any manner and in any capacity claimed, owned, held or possessed by the other, arising out of, incident to or in connection with any and all dealings or transactions of any kind or character occurring between the Parties prior to and including the date of this Agreement, including but not limited to any and all such dealings or transactions arising out of, incident to or in connection with any and all matters set forth in the lawsuit and/or which could have been asserted or otherwise set forth therein.

---

[3] Affidavits not appearing in the appellate record can be considered by this court in determining our own jurisdiction. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding) (per curiam); *Sadler v. Tex. Farm Bureau Mut. Ins. Companies*, No. 04-12-00789-CV, 2013 WL 4736392, at *4 (Tex. App.—San Antonio Sept. 4, 2013, no pet.) (mem. op).

On May 2, 2017, the trial court signed a Final Order on Partition of Property incorporating the findings and conclusions from its prior order and ordering the sale of the Property. The reason the trial court signed the final order despite the parties' settlement agreement is unclear from the record. The docket sheet shows an order was issued on March 10, 2017 setting the cause for dismissal for want of prosecution, and the order was mailed on March 22, 2017. The next entry shows the trial court signed the final order.

Roger filed his notice of appeal on May 29, 2017. After two extensions of time were granted, Roger's brief was filed in this court on December 15, 2017. After three extensions of time were granted, Laura's brief and her motion to dismiss were filed in this court on April 19, 2018.[4] Roger did not file a response to Laura's motion to dismiss.

### DISCUSSION

"The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). The doctrine "prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by [the] Texas Constitution." *Id.*

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 586 (Tex. 2017) (internal quotation omitted). "[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166–67 (Tex. 2012).

---

[4] Laura's request in her motion for damages for Roger's filing of a frivolous appeal is denied. *See Terrell v. Price*, No. 01-16-00376-CV, 2017 WL 2980166, at *6 (Tex. App.—Houston [1st Dist.] July 13, 2017, no pet.) (mem. op.); *Blunck v. Blunck*, No. 03-13-00074-CV, 2014 WL 3055980, at *1 n.2 (Tex. App.—Austin July 2, 2014, no pet.) (mem. op.).

In this case, Roger released all of his claims against Laura effective November 18, 2016, including his claim relating to the improvements. *See Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993) (noting a release "operates to extinguish the claim or cause of action" and "is an absolute bar to any right of action on the released matter"). Accordingly, no actual controversy exists between the parties as to that claim. Therefore, we lack jurisdiction to consider Roger's appeal. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies."); *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 864–65 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[A]ppellate courts lack jurisdiction to decide moot controversies and render advisory opinions.").

**CONCLUSION**

Laura's motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction.

Irene Rios, Justice