

# Fourth Court of Appeals
## San Antonio, Texas

August 6, 2021

No. 04-21-00309-CV

William **KIND** and Jasmine Lopez,
Appellants

v.

**JAD SA INVESTMENTS, LLC,**
Appellees

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2021CV01663
Honorable J Frank Davis, Judge Presiding

# O R D E R

William Kind and Jasmine Lopez seek to appeal the trial court's July 12, 2021, judgment of eviction in a forcible detainer action. The judgment awards possession to appellee but does not include any monetary award or order that a writ of possession issue. On August 2, 2021, appellants filed a notice of appeal asserting they had vacated the property prior to the judgment and attached proof. The clerk's record reflects that no supersedeas was set or posted.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861,865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In general, we lack jurisdiction to decide moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). If a former tenant has appealed but has not superseded the judgment and is no longer in possession of the property, the appeal is moot unless there is a basis for concluding the appeal is not futile. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). With respect to the issue of possession, appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id.* (emphasis added). When the tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.* However, we may consider an appeal that is otherwise moot if the record establishes that vacating the underlying judgment will not cure adverse collateral consequences of the judgment. *Id.* at 788-89.

We therefore ORDER appellant(s) to file a response in this court by **August 26, 2021** showing why this appeal should not be dismissed for want of jurisdiction. A failure to timely respond and show that this court has jurisdiction will result in a dismissal of this appeal. If a supplemental clerk's record is required to demonstrate our jurisdiction, appellant must (a) ask the trial court clerk to prepare the record,

and (b) notify this court that such a request was made. We further ORDER the appellate deadlines suspended until further order of this court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of August, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court