

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00309-CV

William **KIND** and Jasmine Lopez,
Appellants

v.

## **JAD SA INVESTMENTS, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2021CV01663
Honorable J. Frank Davis, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: September 22, 2021

VACATED AND CASE DISMISSED

William Kind and Jasmine Lopez seek to appeal the trial court's July 12, 2021 judgment of eviction in a forcible detainer action. The judgment awards possession to appellee but does not include any monetary award or order that a writ of possession issue. On August 2, 2021, appellants filed a notice of appeal asserting they had vacated the property prior to the judgment and attached proof. The clerk's record reflects that no supersedeas bond was set or posted.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861,865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In general, we lack jurisdiction to decide

moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). If a former tenant has appealed but has not superseded the judgment and is no longer in possession of the property, the appeal is moot unless there is a basis for concluding the appeal is not futile. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). With respect to the issue of possession, appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id.* (emphasis added). When the tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.* However, we may consider an appeal that is otherwise moot if the record establishes that vacating the underlying judgment will not cure adverse collateral consequences of the judgment. *Id.* at 788-89.

In this case, we issued a show cause order, noting the judgment awards possession to appellee but does not include any monetary award, and no supersedeas was set or posted. We directed appellants to file a response by August 26, 2021, explaining why this case should not be dismissed for want of jurisdiction. Appellants did not file a response. Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See id.*

PER CURIAM