

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00170-CV

Fumilayo **GBADMASSI**,
Appellant

v.

**RON RAY L.P.**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2020CV05089
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 30, 2022

DISMISSED FOR LACK OF JURISDICTION IN PART; AFFIRMED IN PART

Appellant Fumilayo Gbadmassi appeals the county court at law's judgment in favor of

appellee Ron Ray L.P. We dismiss the appeal in part for lack of jurisdiction and affirm the portion

of the county court's judgment within our jurisdiction to review.

### BACKGROUND

Ron Ray L.P. filed a sworn petition for eviction in the Justice Court for Precinct 2 of Bexar

County, Texas. In its petition, Ron Ray L.P. alleged it was entitled to possession of premises

located in a commercial shopping center leased by Gbadmassi because of unpaid rent. Gbadmassi

filed a motion to dismiss, arguing Ron Ray L.P. was an improper party to initiate an eviction action against her, and counterclaimed for trespass and fraud. The justice court entered a judgment in Ron Ray L.P.'s favor, and Gbadmassi appealed to the county court at law.

There, Gbadmassi filed a "Demand to Dismiss Improper Party and Counter Claim," reasserting Ron Ray L.P. was an improper party. Despite the filing's name, the filing did not include any language on counterclaims. The county court set the matter for a hearing at which only Ron Ray L.P. through its attorney of record appeared. After the trial de novo, the county court signed a judgment awarding Ron Ray L.P. possession of the premises, past-due rent in the amount of $12,000.00, post-judgment interest, and attorney's fees. Gbadmassi now appeals, arguing the county court should have dismissed the suit because Ron Ray L.P. was not the proper party to sue her, since no contract existed between them.[1]

## JURISDICTION

As an initial matter, we must determine if we have jurisdiction to consider Gbadmassi's appeal of the county court's judgment. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Subject matter jurisdiction is a question of law we review de novo. *Id.* at 866. Our jurisdiction to review a judgment from a forcible detainer action is limited by section 24.007 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 24.007; *Kinsella v. Kent Sports Holdings, L.P.*, 636 S.W.3d 331, 332 (Tex. App.—Amarillo 2021, no pet.); *Divine Bus. Enters., LLC v. Ablegrowth, Inc.*, No. 12-16-00206-CV, 2018 WL 2112148, at *1 (Tex. App.—Tyler May 8, 2018, no pet.) (mem. op.). It provides, "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in

---

[1] We note Gbadmassi refers to her "Demand to Dismiss Improper Party and Counter Claim" as a special appearance; however, there is nothing in Gbadmassi's filing challenging the county court's personal jurisdiction over her. Instead, below and on appeal, Gbadmassi contends Ron Ray L.P. was "not the proper party to bring suit against [her because] there is no [c]ontract or agreement between the parties in this case."

question are being used for residential purposes only." TEX. PROP. CODE § 24.007. Under this section, we do not have jurisdiction to review the issue of possession if, as in this case, the disputed premises were used for commercial purposes. *See id.*; *Kinsella*, 636 S.W.3d at 332; *Divine Bus. Enters.*, 2018 WL 2112148, at *1. "The prohibition against considering possession includes consideration of any finding essential to the issue of, dependent on, or primarily concerned with the issue of possession." *Divine Bus. Enters.*, 2018 WL 2112148, at *1.

Here, Gbadmassi argues Ron Ray L.P. was not a proper party to the suit because no contract existed between them. To the extent Gbadmassi's argument is challenging the portion of the judgment awarding possession to Ron Ray L.P., we lack jurisdiction to consider it. *See* TEX. PROP. CODE § 24.007; *Kinsella*, 636 S.W.3d at 332; *Divine Bus. Enters.*, 2018 WL 2112148, at *1.

### PAST-DUE RENT, POST-JUDGMENT INTEREST, AND ATTORNEY'S FEES

With respect to the remaining portion of the judgment awarding Ron Ray L.P. past-due rent, post-judgment interest, and attorney's fees, this court has recognized these issues are independent of possession and are therefore, reviewable on appeal. *See Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.). Here, Gbadmassi challenges the sufficiency of the trial court's judgment by arguing Ron Ray L.P. could not bring this suit against her because no contract existed between them. Other than this mere assertion, however, there is nothing in the record showing the trial court erred. Instead, the court reporter certified a reporter's record of the county court bench trial does not exist. As the appellant, Gbadmassi bears the burden to bring forward a sufficient record, and when a party challenges the evidence supporting the trial court's judgment, "we must presume the trial court had before it and determined all facts necessary in support of the judgment." *Roberson v. Chevalier*, No. 01-13-00307-CV, 2014 WL 3512767, at *2 (Tex. App.—Houston [1st Dist.] July 15, 2014, no pet.) (mem. op.). Accordingly, we presume the trial court found the

necessary facts to establish Ron Ray L.P. was entitled to past-due rent, post-judgment interest, and attorney's fees. *See id*. We therefore overrule Gbadmassi's challenge to this portion of the judgment.

## CONCLUSION

Based on the above, to the extent Gbadmassi challenges the portion of the judgment awarding Ron Ray L.P. possession, we dismiss Gbadmassi's appeal for lack of jurisdiction, and we affirm the remaining portion of the judgment.

Luz Elena D. Chapa, Justice