

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00240-CV

Crystal **WRISTON**,
Appellant

v.

**HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO, TEXAS**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2023CV07119
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:    Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Beth Watkins, Justice

Delivered and Filed: July 3, 2024

VACATED AND CASE DISMISSED

Appellant Crystal Wriston seeks to appeal the trial court's March 1, 2024 judgment of eviction in a forcible detainer action. The clerk's record shows appellant did not pay a supersedeas bond to stay execution of the judgment, and the county court at law subsequently issued a writ of possession to enforce the judgment. The writ of possession was executed on April 4, 2024, and the officer's return on the executed writ of possession states possession of the premises was delivered to appellee.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In general, we lack jurisdiction to decide moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE §§ 24.001–.002. An appeal of a judgment of possession in a forcible detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 786–87.

Here, the record shows appellant did not pay a supersedeas bond to stay execution of the March 1, 2024 judgment, and the writ of possession was subsequently executed. We therefore issued a show cause order, noting this appeal appeared moot. *See id.* In our order, we directed appellant to file a response by May 15, 2024, explaining: (1) whether she has a potentially meritorious claim of right to current, actual possession of the property and (2) why this appeal should not be dismissed as moot. We cautioned appellant failure to timely respond and show how this court has jurisdiction would result in a dismissal of this appeal. Appellant did not file a response. Accordingly, we vacate the trial court's judgment and dismiss this case as moot. *See id.* at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of the parties when appellate review of a judgment on its merits is precluded.").

PER CURIAM