

# NUMBER 13-23-00181-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KENNETH LEROY LEWIS,                                                   Appellant,

v.

ESTATE OF CONSTANCE SMITH
BY AND THROUGH MICHAEL L.
BAKER, INDEPENDENT EXECUTOR,                                   Appellee.

## ON APPEAL FROM THE COUNTY COURT
## OF BANDERA COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Tijerina and Peña
### Memorandum Opinion by Justice Tijerina

In this forcible detainer action, appellant Kenneth Leroy Lewis argues: (1) the county court erred in dismissing his appeal; (2) the county court erred in ruling that he had no standing to appeal his eviction in the county court; (3) a contract for deed may be enforced in this case; (4) the county court erred in disregarding evidence of a stolen

contract; and (5) the county court erred in denying his request to take a deposition of a witness. We affirm.

## I.    BACKGROUND[1]

The property in dispute consists of real property owned by Constance Smith.[2] On May 25, 2021, Smith filed a forcible detainer suit in the justice of the peace court (JP court) in Bandera County. She attached two letters to her petition: (1) an August 18, 2020 letter from her attorney addressed to Lewis advising Lewis that Smith would proceed with eviction unless Lewis provided proof of an agreement to possess the property; and (2) a March 22, 2021 certified mail letter titled "Notice to Vacate and Notice Landlord Intends to Recovery Attorney['s] Fees." The notice states that Lewis is a tenant, that his lease is terminated effective immediately, and that he has eleven days to vacate the property as "Smith no longer desires to have you living on her property." Smith further attached to her petition a warranty deed and bill of sale for a mobile home. Both of these documents recite that she is the owner of the property. Lewis did not respond to this suit. Following a hearing on June 9, 2021, the JP court entered a judgment of eviction against Lewis.

On June 22, 2021, Lewis filed a "general denial, plea to the jurisdiction, affirmative defense, and motion to dismiss" in the county court, appealing the judgment of eviction against him. According to Lewis, the JP court did not have jurisdiction over the forcible

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Smith passed away during the proceedings below. Her estate continued to prosecute her claims and is the appellee in this case.

detainer case because ownership of the property was at issue. Lewis claimed that although Smith has title to the property, he "signed a written contract" with a third party, Glenn Kirby Rogers II; he purchased the property from Rogers for $25,000, interest free; and he paid monthly installments in the amount of $400. According to Lewis, this contract "placed title in Defendant Lewis." Lewis attached receipts and checks, evidencing his monthly payments to Rogers and claimed that Rogers "failed or refused to give [him] a copy of this contract." In his pleading, Lewis stated that he "would faithfully continue these payments [to Smith] if [Smith] would accept them," but Smith "refused to accept any further payments and instead filed this eviction action." Lewis "move[d] that this lawsuit be dismissed," "pray[ed] that the case be dismissed," and that "Smith take nothing."

Smith filed a motion to dismiss Lewis's appeal, arguing that the county court had no jurisdiction over Lewis's pleading because Lewis "plead[ed] no basis to overturn the forcible detainer under a landlord/tenant theory" and relied on his own pleading to challenge title under a contract for deed theory. According to Smith, she is the record owner of the property, Lewis is an occupant of her property, and Lewis cannot produce the executory contract he allegedly entered with Rogers.

On August 5, 2021, the county court held a hearing and denied both parties' competing motions to dismiss. The order states: the JP court "correctly perfected [Lewis's] appeal and transferred this case to this court"; although "both parties assert that this [county] court does not have jurisdiction, albeit for different reasons," Smith's motion to dismiss and Lewis's plea to the jurisdiction requesting dismissal are both denied; "this

3

case is not dismissed for lack of jurisdiction." On August 8, 2021, the county court again denied Smith's motion to dismiss: "[Smith's] motion to dismiss for lack of jurisdiction is DENIED and this case is not dismissed for lack of jurisdiction."

The case was set for a final trial. On November 28, 2022, the trial court heard the parties' evidence concerning their respective claims to title to the property. It subsequently dismissed Lewis's appeal on January 23, 2023. On January 30, 2023, Lewis filed a motion for new trial and motion for supersedeas bond. The trial court held a hearing on Lewis's motion for new trial. At the motion for new trial hearing, Lewis argued that he signed an executory contract to the property with Rogers who thereafter sold the property to Smith. According to Lewis, Rogers allegedly "stole" his copy of the executory contract. The trial court stated:

> If we don't have a conveyance in writing for real estate we can't get through parol[] evidence, and it's—it's walking in and saying I own that lot over there. Well, you can't—we've got to have a writing. And you still don't have a writing, anything that shows who the parties are, what the payment was, what the principal—what the payoff was, what the interest rate was, whether it was a rol[l]-over clause. We don't know anything.

In response, Lewis stated that he "never claimed he own[ed] it." Instead, he "just same [sic] claimed that he had the right to continue paying for it." Smith argued that because she is the owner of the property and Lewis's dispute is with Rogers, Lewis is a squatter on her property.

On February 15, 2023, the trial court denied Lewis's motion for new trial and reconsideration. This appeal followed.

## II. FORCIBLE DETAINER

By his first issue, Lewis argues that the county court erred in dismissing his appeal of the JP's judgment of eviction against him.

### A. Applicable Law

"An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Id.*; *see* TEX. PROP. CODE ANN. § 24.008 (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit").

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. *See* TEX. PROP. CODE ANN. § 24.004; *see also Tipton v. Ramirez*, No. 04-07-00231-CV, 2007 WL 4180159, at *1 (Tex. App.—San Antonio Nov. 28, 2007, no pet.) (mem. op.). A justice court "must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510.3; *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) ("Neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit.").

"To prevail in a forcible[-]detainer action, a plaintiff is not required to prove title . . . . However, where the right to immediate possession necessarily requires

resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so." *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied); *see* TEX. GOV'T CODE ANN. § 27.031(b)(4) ("A justice court does not have jurisdiction of . . . a suit for trial of title to land."). "A justice court is not deprived of jurisdiction merely by the existence of a title dispute." *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Steed v. HB1 Alt. Holdings, LLC*, No. 13-22-00595-CV, 2024 WL 194212, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2024, no pet.) (mem. op.) ("The mere existence of a title dispute does not deprive a justice court of jurisdiction."). The justice court "is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession." *Yarbrough*, 455 S.W.3d at 280. "Thus, it is only when the justice or county court must determine title issues that it is without jurisdiction to adjudicate a forcible detainer case." *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.) (collecting cases). "The county court's jurisdiction on appeal of a forcible entry and detainer judgment is coextensive with that of the justice court." *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 866 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## B. Discussion

Here, there is no genuine dispute as to title: it is undisputed that Smith owns the property; Lewis admits that he did not enter into any agreements with Smith to possess the property; Smith "refused to accept" any payments from Lewis; and Lewis's agreement

6

to possess the property was with Rogers. At his trial de novo at the county court, Smith was unable to produce the contract for deed he allegedly entered into with Rogers. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[A] justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession."); *see Padilla v. NCJ Dev., Inc.*, 218 S.W.3d 811, 815 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) (citing *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.)) ("Specific evidence of a title dispute is required to raise an issue of a justice court's jurisdiction."); *see also Presley v. McGrath*, No. 02-04-00403-CV, 2005 WL 1475495, at *3 (Tex. App.—Fort Worth June 23, 2005, pet. dism'd w.o.j.) (mem. op.) (holding that a party failed to "present specific evidence raising a genuine issue of title" when in the trial court, the party "merely argued that a concurrent suit was under way in federal court"); *Ebert v. Strada Cap.*, No. 03-13-00729-CV, 2014 WL 4915046, at *2 (Tex. App.—Austin Oct. 1, 2014, no pet.) (mem. op.) (holding that a party failed to present specific evidence raising a title dispute when the party "presented no evidence at all, only argument"); *Jaimes v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *5 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (holding that a statement by counsel at trial was not "evidence on which the trial court could base its decision" that a genuine title dispute existed).

Because it is undisputed that Smith owns the property, the question of title is not so intertwined with the issue of possession as to deprive the JP court of jurisdiction. *See Dormandy*, 61 S.W.3d at 557. Although Lewis claims a title dispute necessarily deprived the JP court of jurisdiction, Lewis's claim that he entered into an executory contract with a third party and that he has a right to continue paying for it, "is not a prerequisite to the resolution of the matter of immediate possession in the forcible entry and detainer suit." *Guillen*, 494 S.W.3d at 867; *see also Govan v. Hodge*, No. 04-97-00829-CV, 1998 WL 300556, at *2 (Tex. App.—San Antonio June 10, 1998, no pet.) (mem. op.) ("We again note that the record contains no evidence of a title dispute . . . Specific evidence of a related title dispute is necessary before a justice or county court will be deprived of jurisdiction in a forcible detainer action."); *Merit Mgmt. Partners I v. Noelke*, 266 S.W.3d 637, 648 (Tex. App.—Austin 2008, no pet.) ("If the right of recovery in a suit depends, at least in part, upon the title to land, but there is no real dispute between the parties over the question of title, the question of title is incidental."); *Steed*, 2024 WL 194212, at *3 ("[I]t is only when the justice or county court must determine title issues that it is without jurisdiction to adjudicate a forcible detainer case."). Accordingly, Lewis's assertion that title is at issue is therefore "not relevant to possession," and the JP court was not deprived of its jurisdiction to resolve the matter of immediate possession as Lewis claims on appeal. *See id.* ("For example, Steed has no concurrent district court actions against HB1 or Champion, and Steed has not filed an affidavit testifying that the agreed judgment contains a forged signature."). As a result, the county court properly exercised its

8

coextensive jurisdiction with the JP court when it reviewed the merits of Lewis's appeal de novo, and it properly upheld the JP's judgment of eviction against Lewis. *See Guillen*, 494 S.W.3d at 866. Accordingly, we overrule Lewis's first issue.[3]

### III. CONCLUSION

We affirm the judgment of the county court.

JAIME TIJERINA
Justice

Delivered and filed on the
1st day of August, 2024.

---

[3] Because that issue is dispositive, we need not determine Lewis's remaining issues. *See* TEX. R. APP. P. 47.1.

9