

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00479-CV

Brian Mitchell **JACKSON**, Damone J. Leblanc, Katherine E. Serna and/or all Occupants of
15207 Selene View, San Antonio, TX 78245,
Appellants

v.

**MB & RB INVESTMENTS, LLC**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-03851
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
                  Adrian A. Spears II, Justice
                  H. Todd McCray, Justice

Delivered and Filed: October 8, 2025

VACATED AND CASE DISMISSED

This appeal arises out of a forcible detainer action seeking to evict appellants from a residential property. Appellants appeal the county court's order awarding possession of the property to appellee MB & RB Investments, LLC and granting appellee a writ of possession. The clerk's record shows Appellants did not request or file a supersedeas bond to stay the order of possession; instead, Appellants filed a pro se notice of appeal on July 18, 2025. The clerk's record also shows on July 31, 2025, the Bexar County Clerk issued a writ of possession, which a Bexar County sheriff's deputy executed on August 8, 2025.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861,865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We lack jurisdiction to decide moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* Tex. Prop. Code §§ 24.001–.002. An appeal of a judgment of possession in a forcible detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 786–87. "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Id* at 787. When the issue of possession becomes moot we will therefore "vacate the trial court's judgment, and dismiss the case as moot." *Id.* at 790.

In this case, we issued a show cause order, noting the judgment awards possession to appellee but does not include any monetary award, and no supersedeas bond was set or posted. We further noted the writ of possession was subsequently executed. We directed appellants to file a response by September 17, 2025, explaining (1) whether they have a potentially meritorious claim of right to current, actual possession of the property; and (2) why this appeal should not be dismissed as moot.

Appellants did not file a response. Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See id.*

PER CURIAM