

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00721-CV

Jonathan **TAYLOR**,
Appellant

v.

Teresa Jill **ADAMS**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2024-CV-07358
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:    Lori Massey Brissette, Justice
            Adrian A. Spears II, Justice
            H. Todd McCray, Justice

Delivered and Filed: February 25, 2026

VACATED AND DISMISSED

On October 31, 2025, appellant Jonathan Taylor filed a notice of appeal, and shortly thereafter, the clerk's record was filed. The clerk's record shows this appeal arises out of a forcible detainer action and the county court at law signed a judgment of possession in favor of appellee Teresa Jill Adams on October 30, 2025. The record further shows appellant did not pay a supersedeas bond to stay execution of the judgment, and the county court at law subsequently issued a writ of possession to enforce the judgment. The writ of possession was executed on

December 18, 2025, and the officer's return on the executed writ of possession states possession of the premises was delivered to appellee.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We lack jurisdiction to decide moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE §§ 24.001–.002. An appeal of a judgment of possession in a forcible detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 786–87.

Because the record shows appellant did not pay a supersedeas bond to stay execution of the October 30, 2025 judgment and the writ of possession was subsequently executed, this appeal may be moot. *See id.* We therefore ordered appellant to file a written response February 12, 2026 explaining: (1) whether he had a potentially meritorious claim of right to current, actual possession of the property; and (2) why this appeal should not be dismissed as moot. We admonished appellant that a failure to timely respond and show how this court has jurisdiction would result in a dismissal of this appeal.

Appellant did not file a response. Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See id.*

PER CURIAM