**Opinion issued May 5, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00731-CV

———————————

**MICHELLE BOOKER, Appellant**

**V.**

**CAROLYN WILSON BOOKER, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1256649**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant Michelle Booker appeals from the county court's judgment granting possession of certain real property to appellee, Carolyn Booker. We dismiss the appeal as moot.

The only issue in a forcible-detainer action is the right to actual possession of the subject property; "the merits of title shall not be adjudicated." TEX. R. CIV. P. 510.3(e); *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). An appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.). We lack jurisdiction to decide moot controversies. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 864–65 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The parties' filings indicated that appellant no longer possessed the disputed property. On March 3, 2026, this Court notified appellant that the appeal would be dismissed absent a response asserting a potentially meritorious claim of current, actual possession, and ordered a special clerk's record containing the executed writ of possession. The trial court clerk filed the executed writ, and appellant's response failed to assert a potentially meritorious claim of a right to current, actual possession.

Accordingly, we vacate the county court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790 (when case becomes moot on

appeal, appellate court must set aside trial court judgment and dismiss case); *Wilhelm*, 349 S.W.3d at 769; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); TEX. R. APP. P. 42.3(a). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.