Opinion issued June 9, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-26-00259-CV

_____

**EVELYN JOHNSON, Appellant**

**V.**

**MEDICAL CENTER APARTMENTS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1270549**

---

## MEMORANDUM OPINION

This is an appeal from a judgment of possession in a forcible detainer case. Judgment was signed on March 11, 2026, and the writ of possession issued the same date. On March 9, 2026, appellant filed a pro se notice of appeal.

On April 15, 2026, appellee filed a motion to dismiss the appeal, claiming appellant was no longer in possession of the premises and the appeal was therefore moot. Appellant has not responded to this motion. We dismiss the appeal as moot.

In a forcible detainer action, the right to actual possession of the property is the only issue. *See* TEX. R. CIV. P. 510.3(*l*); *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). An appeal from a forcible detainer case becomes moot when an appellant no longer has possession of the subject property unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006). If the appeal is moot, this Court lacks jurisdiction. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 864 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Appellee states in its motion to dismiss that appellant is no longer in possession of the property. In its certificate of conference, appellee's counsel notes that he spoke with appellant's grandson, who acknowledged that appellant no longer lived in the subject property. But the certificate contains no indication whether she agreed or was opposed to the motion to dismiss. According to appellee, appellant's grandson stated he would talk to his grandmother and call back concerning whether she agreed or opposed the motion, but no return call occurred. Appellant filed no response to the motion. These communications indicate that appellant is no longer

in possession of the property and, by failing to file a response, appellant has not raised a potentially meritorious claim of a right to current, actual possession.

Accordingly, we grant appellee's motion and we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790 (when case becomes moot on appeal, appellate court lacks jurisdiction and must set aside trial court judgment and dismiss case); TEX. R. APP. P. 42.3(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Gunn, Caughey, and Morgan.