

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-26-00060-CV

Russell **HERNANDEZ**,
Appellant

v.

Miguel **ESPINOZA**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025CV10617
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:     Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice
             H. Todd McCray, Justice

Delivered and Filed: June 24, 2026

VACATED AND DISMISSED

In this forcible detainer case, appellant appeals the trial court's judgment, which awarded possession of the real property to appellee. Included in the clerk's record on appeal is the trial court's judgment and a writ of possession. The record does not show that appellant filed a supersedeas bond to suspend the judgment. The record includes a sheriff's return, indicating the writ of possession has been executed and possession delivered to appellee.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We lack jurisdiction to decide moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue in a forcible detainer action is the right to actual possession of the property. *See id.* at 785; TEX. R. CIV. P. 510.3(e); *see also* TEX. PROP. CODE §§ 24.001–.002. "When a tenant is no longer in possession of the property and has not superseded the judgment of possession, [his] appeal is moot unless: (1) []he timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile." *Stewart v. Fiesta City Realtors*, No. 04-17-00839-CV, 2018 WL 4760151, at *1 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.). "Appellate relief is not futile if the tenant holds and asserts 'a potentially meritorious claim of right to *current, actual possession*' of the property." *Id.* (quoting *Marshall*, 198 S.W.3d at 787) (emphasis in original).

Because the record shows appellant did not pay a supersedeas bond to stay execution of the judgment and the writ of possession was subsequently executed, this appeal may be moot. *See Marshall*, 198 S.W.3d at 787. We therefore ordered appellant to show cause in writing no later than May 5, 2026, why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f), 44.3.

Appellant did not file a response. Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 786–87.

PER CURIAM