**Opinion issued May 9, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-18-00071-CV

————————————————

**BRIAN CARESS, Appellant**

**V.**

**MICHAEL FORTIER, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-69424**

---

# O P I N I O N

Brian Caress appeals the trial court's dismissal, pursuant to Michael Fortier's motion under the Texas Citizens Participation Act, of his petition seeking to depose Fortier before filing suit. *See* TEX. R. CIV. P. 202.1–202.5; TEX. CIV. PRAC. & REM.

CODE §§ 27.001–27.011. On appeal, Caress contends that the trial court erred in dismissing his Rule 202 petition because Fortier did not show that the communication underlying Caress's potential defamation claim was made in connection with a matter of public concern and thus relates to Fortier's exercise of his free speech rights, and alternatively, because Caress made out a prima facie case on each element of his potential defamation claim. We hold that the TCPA does not apply to Caress's Rule 202 proceeding and dismiss his appeal for lack of jurisdiction.

## BACKGROUND

Fortier is a former employee of Redi-Carpet Sales of Houston, Ltd. While at Redi-Carpet, Fortier worked under Caress's supervision. The parties hotly dispute the rest of the circumstances that gave rise to this proceeding, which began when Fortier petitioned to depose Caress before filing suit to investigate a potential assault claim against him. The petition contained allegations that Caress had assaulted Fortier multiple times during his employment with Redi-Carpet.

Caress opposed Fortier's Rule 202 petition with a response to Fortier's motion and his own motion to dismiss under the TCPA. The trial court ultimately denied Fortier's Rule 202 petition. Fortier does not appeal that ruling.

Caress also counter-petitioned under Rule 202 for Fortier's deposition, seeking to investigate the potential claim that Fortier "engaged in defamation per se by falsely and maliciously making statements that [Caress] has committed serious

2

crimes." Fortier opposed Caress's pre-suit deposition request by moving to dismiss it under the TCPA. After hearing the parties' arguments, the trial court signed an order dismissing Caress's petition.

**DISCUSSION**

Caress casts his appeal challenging the trial court's dismissal of his Rule 202 petition as one under the TCPA. Generally, appellate courts have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The legislature has created narrow exceptions to this general rule, allowing appellate courts to review specific interlocutory orders when explicitly permitted by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam); *e.g.*, TEX. CIV. PRAC. & REM. CODE §§ 15.003(b), 27.008, 51.014(a), 51.016.

The parties have attempted to agree that section 27.008 of the Civil Practice and Remedies Code, the TCPA's interlocutory appeal provision, gives us jurisdiction to review the trial court's order. But whether we have jurisdiction is not a fact subject to stipulation. *E.g.*, *Basic Energy Serv. v. D–S–B Props.*, 367 S.W.3d 254, 269 (Tex. App.—Tyler 2011, no pet.) (consumer status is question of law and thus not subject to stipulation); *Skidmore Energy, Inc. v. Maxus (U.S.) Expl. Co.*, 345 S.W.3d 672, 688 (Tex. App.—Dallas 2011, pet. denied) (accrual of cause of action is question of law and thus not subject to stipulation). Whether we have

3

appellate jurisdiction is an issue of law subject to de novo review. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Without explicit statutory permission, we have no jurisdiction to review an interlocutory order. *See id.*

This Court has expressed doubt as to whether the TCPA applies to proceedings other than those for the adjudication of legal claims on their merits. *See Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (en banc) (applying the *ejusdem generis* canon to interpret TCPA's definition of "legal action" and observing that the list within the definition "is best characterized by the observation that each element of th[e] [enumerated] class is a procedural vehicle for the vindication of a legal claim, in a sense that is not true for a motion to dismiss") (citing, *inter alia*, *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015), and *In re Elliott*, 504 S.W.3d 455, 475 (Tex. App.—Austin 2016, orig. proceeding) (Pemberton, J., concurring) (applying *ejusdem generis* canon to definition of "legal action" in TEX. CIV. PRAC. & REM. CODE § 27.001(6))); *see also In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (per curiam) (observing that "pre-suit discovery 'is not an end within itself'; rather, it 'is in aid of a suit which is anticipated' and 'ancillary to the anticipated suit'") (quoting *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex.1965)).

A Rule 202 petition for pre-suit discovery, like the motion to dismiss in *Paulsen*, is not a legal claim on the merits. As a result, we hold that the TCPA does

not apply to Rule 202 proceedings and thus provides no basis for jurisdiction over this appeal.

We remain mindful of the constraints that typically prevent appellate review of Rule 202 dismissals like the one challenged in this appeal. An order granting a pre-suit deposition is appealable "if [the deposition is] sought from someone against whom suit is not anticipated." *In re Jorden*, 249 S.W.3d 416, 419 & n.7 (Tex. 2008) (citing *Ross Stores, Inc. v. Redken Labs., Inc.*, 810 S.W.2d 741, 742 (Tex. 1991) (per curiam)). On the other hand, an order granting or denying a request for deposition of a person against whom suit is contemplated is not appealable. *Int'l Ass'n of Drilling Contractors v. Orion Drilling Co.*, 512 S.W.3d 483, 487 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *In re Alexander*, 251 S.W.3d 798, 799 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Caress's petition falls into the latter category and is not appealable.

Texas Rule of Civil Procedure 202 provides a tool for preliminary investigations of "potential" or "anticipated" claims. *See In re DePinho*, 505 S.W.3d 621, 624 (Tex. 2016) (per curiam) (citing *Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 536 (Tex. App.—Austin 2013, pet. denied)). For this reason, "a Rule 202 petition need not plead a specific cause of action; instead, Rule 202 requires only that the petitioner 'state the subject matter of the anticipated action, if any, and the petitioner's interest therein.'" *Orion Drilling*, 512 S.W.3d at 491 (quoting *City*

*of Houston v. U.S. Filter Wastewater Grp.*, 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *see In re DePinho*, 505 S.W.3d at 624 (acknowledging that "Rule 202's pleading requirement is fairly liberal"); *see also In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (per curiam) ("Rule 202 does not require a potential litigant to expressly state a viable claim before being permitted to take a pre-suit deposition."). The trial court "must order a deposition to be taken," if it finds that (1) allowing the deposition to go forward may prevent a failure or delay of justice in an anticipated suit, or (2) the likely benefit of ordering the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.[1] TEX. R. CIV. P. 202.4(a).

In the trial court, Caress acknowledged that his Rule 202 petition is "simply a request for pre-litigation discovery," and that a decision on the merits of his defamation claim "will ultimately be up to a jury, if this case is ever filed," because "there is no case, there is no claim at this point." The Supreme Court of Texas's recent decision in *Glassdoor Inc. v. Andra Group, L.P.*, confirms that Caress's explanation accurately characterizes the posture of his request for pre-suit discovery. *See* No. 17-0463, 2019 WL 321934, *3, *6 (Tex. Jan. 25, 2019) (holding that statute

---

[1] These broad equitable considerations may encompass any potential free speech or other constitutional concerns that may arise in connection with a pre-suit deposition request.

of limitations ran on "as-yet unfiled" claims underlying Rule 202 petition, rendering Rule 202 proceeding moot). As a Rule 202 petition does not place unfiled claims before the trial court for adjudication on the merits, a trial court's order denying a Rule 202 petition cannot dispose of those unfiled claims on the merits, even if the denial purports to rest on a ruling under the TCPA.

At oral argument, both parties informed this Court that they had filed original petitions on their claims. In his supplemental briefing, Caress suggests that mootness is not an issue here because "there is no evidence in the record to indicate that Caress's Rule 202 motion is moot." Rarely, though, will an appellate court be able to determine mootness based solely on the record; more often than not, extrinsic evidence is necessary.[2] In any event, we need not address the issue of mootness because the record on its face demonstrates that we have no jurisdiction. Caress's appeal is from neither a final judgment nor an appealable interlocutory order. We therefore lack jurisdiction over this appeal.

---

[2] We exercise our authority to take judicial notice of the parties' lawsuits. *See Brian Caress v. Michael Fortier*, No. 2018-63377, in the 281st District Court of Harris County (filed September 13, 2018); *Michael Fortier v. Redi-Carpet Sales of Houston, Ltd.; Redi-Carpet Sales, Inc.; and Brian Caress*, No. 2019-06305, in the 55th District Court of Harris County (filed Jan. 25, 2019).

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.


                                        Gordon Goodman
                                        Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.