Opinion issued January 30, 2024



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00273-CV

————————————

**SANJAY KHANDUJA, INDEPENDENT ADMINISTRATOR WITH WILL ANNEXED TO THE ESTATE OF DR. R.K. DHINGRA, DECEASED,** Appellant

**V.**

**DAVID SCHEFFLER, INDIVIDUALLY, THE 2525 BROTHERS, L.P. D/B/A VENTURE HOMES, VENTURE HOLDINGS, INC., VENTURE REO SERVICES, L.P., AND MALACHITE VENTURE CORP.,** Appellees

---

**On Appeal from Probate Court No. 1**
**Harris County, Texas**
**Trial Court Case No. 396745-403**

---

## MEMORANDUM OPINION

Appellant Sanjay Khanduja, Independent Administrator with Will Annexed to the Estate of Dr. R.K. Dhingra, Deceased ("the Estate"), filed the underlying ancillary probate proceeding seeking to resolve various parties' allegedly competing interests in several parcels of real property owned by Dhingra before his death. The proceeding eventually encompassed the Estate's and eleven other parties' alleged interests in three parcels of property. Many of these other parties filed petitions in intervention, counterclaims, and cross-claims. Five of these parties—appellees David Scheffler, individually; The 2525 Brothers, L.P. d/b/a Venture Homes;[1] Venture Holdings, Inc.; and Venture REO Services, L.P. (collectively, "the Scheffler parties"); and Malachite Venture Corp ("Malachite")—filed two motions for summary judgment. The probate court signed two orders granting the Scheffler parties' motion and Malachite's motion, respectively, and dismissing the Estate's claims against them.

The Estate attempts to appeal from these two summary judgment orders. After notifying the parties of the Court's intent to dismiss for want of jurisdiction and

---

[1] The Estate's appellate briefing mistakenly lists "The 2525 Brothers, L.P. d/b/a Venture Holdings, Inc." as a party. The Estate's pleadings, the Scheffler parties' motion for summary judgment and order granting it, and the Scheffler parties' appellate brief list as separate parties The 2525 Brothers, L.P. d/b/a Venture Homes and Venture Holdings, Inc. Accordingly, we have listed the parties as they appear in the appellate record.

considering the Estate's jurisdictional response, we conclude that the two summary judgment orders were interlocutory, not final and appealable. We therefore dismiss the appeal for want of jurisdiction.

**Background**

Prior to his death in January 2010, Dhingra allegedly owned, individually or through entities, numerous parcels of real property. Three of these properties are the subject of this appeal, and they are referred to as Kleingreen, 13636 SH 249, and 13644 SH 249.[2] The Estate alleges that after Dhingra's death, Scheffler fraudulently conveyed these properties to other parties without authority to do so. Scheffler allegedly accomplished these conveyances through use of the entities comprising the remainder of the Scheffler parties, which were allegedly wholly owned or controlled by Scheffler.

Concerning 13636 SH 249 and 13644 SH 249, the Estate alleges that Dhingra owned these two properties through an entity called Shiva Investment Group, which was an "assumed name" for Dhingra. The Scheffler parties allegedly conveyed 13636 SH 249 to 249 Fireworks, LLC, Winco Fireworks International, LLC, and/or David Collar. The Scheffler parties allegedly conveyed 13644 SH 249 to Malachite.

---

[2]     These properties are more fully described in the Estate's pleadings. We note that the parties' appellate briefs state that only one or both of 13636 SH 249 and 13644 SH 249 are relevant to the merits of the Estate's appellate issues. For purposes of determining this Court's jurisdiction, however, allegations concerning both these properties as well as Kleingreen are relevant.

3

Pursuant to alleged criminal proceedings initiated against Scheffler concerning the fraudulent transfers of these properties, Scheffler later conveyed 13636 SH 249 and 13644 SH 249 back to the Estate. However, the Estate alleges that 249 Fireworks continues to occupy 13636 SH 249, and 249 Fireworks, Winco Fireworks, and Collar claim equitable title to this property. The Estate further alleges that Malachite continues to occupy 13644 SH 249.

Concerning the third subject property, the Estate alleges that the Scheffler parties conveyed Kleingreen to Ashley C. Torregrossa, and Torregrossa retains possession of Kleingreen.

Only the Estate, the Scheffler parties, and Malachite are parties to this appeal. Several other individuals and entities are parties in the underlying probate proceeding but are not parties to this appeal, including 249 Fireworks, Winco Fireworks, Collar, and Torregrossa.

In October 2010, Sanjay Khanduja filed the underlying ancillary probate proceeding on behalf of the Estate as its representative. The original petition asserted claims only against the Scheffler parties. The petition sought a "declaration of rights, status and ownership" in the three subject properties, as well imposition of constructive trusts and the appointment of a receiver to manage the properties. The Estate also asserted claims for violations of the Theft Liability Act and Uniform

4

Fraudulent Transfer Act, breach of fiduciary duty, quantum meruit, fraud, and exemplary damages.

In January 2014, the Estate filed two additional lawsuits against additional parties concerning the same properties. In one of these suits, the Estate asserted claims against 249 Fireworks, Winco Fireworks, and Collar for damages arising out of their continued possession of 13636 SH 249. In the second additional suit, the Estate asserted claims against Malachite seeking damages for its continued possession of 13644 SH 249. Appellees contend on appeal that these two lawsuits were consolidated into the underlying proceeding, but the appellate record does not contain a consolidation order. In any event, numerous other parties filed petitions in intervention, counterclaims, and cross-claims concerning the three subject properties.

According to the appellate record before us, when the probate court signed the challenged summary judgment orders, the Estate's live pleadings consisted of: (1) a first amended petition filed in October 2015; (2) a second supplemental petition filed in March 2018; (3) a third supplemental petition filed in September 2019; and (4) a supplemental petition filed in June 2021.[3]

---

[3] The appellate record contains references to a second amended petition filed by the Estate, but the record does not contain a second amended petition. For example, the second and third supplemental petitions state that they supplement the Estate's second amended petition. The Estate also filed a proposed fourth supplement to a second amended petition, but the probate court struck this pleading. The record does

5

The first amended petition asserted twenty causes of action against eleven individuals and entities. Primarily, the Estate asserted declaratory claims concerning the rights, statuses, and ownership interests in the three subject properties; claims for trespass to try title based on the Estate's alleged superior title to the three subject properties; and suits to quiet title to the three subject properties. The first amended petition also sought imposition of a constructive trust and appointment of a receiver, and it asserted claims against the Scheffler parties for statutory and common-law fraud, quantum meruit, and breach of fiduciary duties. The Estate sought damages from all the parties. The supplemental petitions asserted related claims concerning the subject properties against the Scheffler parties, Malachite, and 249 Fireworks.

As to 13636 SH 249 and 13644 SH 249, the Estate sought "a declaration of rights, status, ownership, and boundaries" in these two properties against Shiva Investment Group, 249 Fireworks, Winco Fireworks, Collar, and Malachite. Moreover, regarding 13636 SH 249, the Estate asserted claims for trespass to try

not contain a first supplemental petition. We note that the Clerk of this Court requested a supplemental clerk's record with all parties' pleadings, and the trial court clerk supplemented the record with voluminous documents, but the appellate record does not contain a second amended petition. Furthermore, in response to the Clerk of this Court's notice of intent to dismiss the appeal for want of jurisdiction, the Estate submitted an additional request to supplement the appellate record with the Estate's original petition and a motion filed in 2010, but the Estate did not designate a second amended petition for inclusion in the appellate record. Accordingly, on the record before us, the Estate's first amended petition and the supplements listed above are the Estate's live pleadings for purposes of determining this Court's jurisdiction over this appeal.

6

title and suit to quiet title against the Scheffler parties, 249 Fireworks, Winco Fireworks, and Collar. Regarding 13644 SH 249, the Estate asserted claims for trespass to try title and suit to quiet title against the Scheffler parties, Malachite, and Shiva Investment Group.

Concerning Kleingreen, the Estate sought a declaration of the rights in and ownership of this property against Venture REO Services and Torregrossa. The Estate also asserted claims for trespass to try title and suit to quiet title against Scheffler, Venture REO Services, and Torregrossa.

In June and July 2021, respectively, the Scheffler parties and Malachite filed separate but substantively identical motions for summary judgment on all the Estate's claims against them. The motions primarily argued that the Estate was not the record titleholder of the subject properties when the Estate commenced the lawsuit, and therefore the Estate lacked an interest in the subject properties, consequently entitling the Scheffler parties and Malachite to summary judgment on the Estate's claims against them. These motions expressly relied on arguments made in an earlier motion for summary judgment filed by 249 Fireworks, which the probate court had granted in part, thereby dismissing most of the Estate's claims against 249 Fireworks. This order partially granting 249 Fireworks' summary judgment motion is not at issue in this appeal.

7

The Estate responded separately to the Scheffler parties' and Malachite's motions for summary judgment, disputing that it lacked any interest in the subject properties. The Scheffler parties and Malachite filed replies and objected to the Estate's summary judgment evidence.

The probate court signed two orders granting the summary judgment motions filed by the Scheffler parties and Malachite, respectively, and dismissing the Estate's claims against the Scheffler parties and Malachite. The orders contained similar language stating that the orders were final as to the Estate and each movant—the Scheffler parties and Malachite—and the orders were severable. The appellate record does not contain an order severing these summary judgment orders. The Estate filed a motion for new trial, but the record does not indicate that the trial court ruled on the motion. The Estate filed a timely notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1).

After the clerk's record was filed in this Court, it appeared that no final, appealable judgment existed in the appellate record. Most of the parties' pleadings were not included in the record, however, so the Clerk of this Court requested a supplemental clerk's record containing all the parties' pleadings. *See* TEX. R. APP. P. 34.5(c)(1). In response, the trial court clerk filed eight volumes of supplemental records containing more than 5,500 pages of documents filed in the probate court. *See* TEX. R. APP. P. 34.5(c)(3) ("Any supplemental clerk's record will be part of the

appellate record."). It is not clear whether these documents comprise all the documents filed in the probate court or even all the pleadings filed in the probate court, but the Estate has not challenged the omission of any documents in the appellate record.

The Clerk of this Court also notified the parties of the Court's intent to dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). The notice expressly stated that the appellate record did not appear to contain a final, appealable judgment. The notice warned that the appeal may be dismissed unless the Estate filed a response "demonstrating, with citation to law and the record, that this Court has jurisdiction over the appeal[.]" The Estate filed a response and separately requested that the trial court clerk prepare and file an additional supplemental clerk's record containing the Estate's original petition filed in October 2010 and a motion filed in 2010. The Clerk's notice also requested a response regarding this Court's jurisdiction from appellees, but appellees did not file a response.

**Appellate Jurisdiction**

The Estate argues that the two summary judgment orders are final and appealable because (1) they resolved a distinct issue, namely all parties' claims to 13636 SH 249 and 13644 SH 249; and (2) they contain finality language evidencing the probate court's intent that the orders were final. The Estate also argues that to the extent the orders are overly broad, they are nevertheless final and appealable.

9

## A.    Standard of Review and Governing Law

This Court has jurisdiction to review final judgments, as well as interlocutory orders when expressly authorized by statute. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019); *Caress v. Fortier*, 576 S.W.3d 778, 780 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (citing examples of statutes authorizing appeals of interlocutory orders, including Civil Practice and Remedies Code section 51.014(a)). Whether we have appellate jurisdiction is a question of law that we review de novo. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Caress*, 576 S.W.3d at 781.

Generally, there can be only one final and appealable judgment in a case, and a judgment issued without a conventional trial is "final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). In probate proceedings, however, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192); *see also Jack M. Sanders Fam. Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 239 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Allowing appellate review of a probate court's ruling on certain discrete issues arises from the

10

need to determine "controlling, intermediate decisions before an error can harm later phases of the proceeding." *De Ayala*, 193 S.W.3d at 578 (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)).

Not every order entered in a probate case is appealable, however. *Id.* If a statute declares a particular phase of probate proceedings to be final and appealable, the statute controls. *Id.*; *see, e.g.*, TEX. EST. CODE § 202.202(a) ("The judgment in a proceeding to declare heirship is a final judgment."). In the absence of such a statute, a probate order is final and appealable only if it disposes of all issues in the phase of the proceeding for which it was brought. *De Ayala*, 193 S.W.3d at 578. The Texas Supreme Court has explained the test as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). If an order disposes of a phase of the proceeding that "if asserted independently, would be the proper subject of a lawsuit," then the order is appealable. *Id.* On the other hand, the order is interlocutory—and thus not appealable—if it "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings." *Id.* at 579.

In cases in which multiple judgments final for purposes of appeal can be rendered, "determining whether an otherwise interlocutory probate order is final

11

enough to qualify for appeal, has proved difficult." *Id.* at 578. Due to this difficulty, the Texas Supreme Court has repeatedly "urged parties to seek severance orders to eliminate ambiguities about whether the order was intended to be final and appealable." *Id.*; *see also, e.g.*, *Crowson*, 897 S.W.2d at 783 ("A severance order avoids ambiguities regarding whether the matter is appealable. Litigants can and should seek a severance order either with the judgment disposing of one party or group or parties, or seek severance as quickly as practicable after the judgment.").

**B.    Analysis**

The Estate first contends that the two challenged summary judgment orders finally determined all the ownership claims regarding 13636 SH 249 and 13644 SH 249 between the Estate, the Scheffler parties, and Malachite, and therefore the orders resolved a discrete issue and were final and appealable.

As an initial matter, the Estate does not rely on any legal authority to support the premise of its argument that a probate order determining competing claims to real property constitutes a decision on a discrete issue or phase of a probate proceeding such that the order is final and appealable. *See* TEX. R. APP. P. 38.1(i) (stating that appellant must present brief with "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("Failure to cite to appropriate legal authority or to provide substantive

12

analysis of the legal issues presented results in waiver of a complaint on appeal.");

*Izen v. Comm'n for Law. Discipline*, 322 S.W.3d 308, 321 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority[.]") (citation omitted). But assuming without deciding that a probate court order determining ownership of property can constitute a discrete issue and thus be final and appealable, we disagree with the Estate that the summary judgment orders in this case resolved the issue of ownership of the subject properties.

In making its arguments, the Estate relies on the original petition it filed against the Scheffler parties in October 2010 and the subsequent original petition it filed in a separate suit against Malachite in January 2014.[4] These two petitions asserted claims only against the Scheffler parties and Malachite, respectively, and the two petitions concerned interests in one or both of 13636 SH 249 and 13644 SH 249. The two petitions did not assert any claims concerning Kleingreen.

The Estate's reliance on these two petitions is misplaced, however, because the Estate subsequently filed a first amended petition, which was its live pleading when the probate court signed the summary judgment orders. When a party files an amended pleading, the "amended pleading supersedes and supplants earlier original

---

[4]     As discussed above, appellees contend that this lawsuit against Malachite was consolidated with the underlying lawsuit.

pleadings." *Watanabe v. Summit Path Partners, LLC*, 650 S.W.3d 112, 132 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (quoting *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 679 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.)); *see* TEX. R. CIV. P. 65 (providing that absent circumstances not relevant here, instrument that is subsequently substituted "shall no longer be regarded as a part of the pleading in the record of the cause"); *Caldwell v. River Oaks Tr. Co.*, No. 01-94-00273-CV, 1996 WL 227520, at *26 (Tex. App.—Houston [1st Dist.] May 2, 1996, writ denied) (mem. op., not designated for publication) ("An amended petition completely supersedes all previous pleadings.") (citing TEX. R. CIV. P. 65). Indeed, the Estate's first amended petition expressly stated that it "supersedes all prior petitions, amendments, and supplements." Thus, we are concerned with the claims asserted in the first amended petition and the supplements thereto, which superseded and supplanted the Estate's original petition.

Unlike in the original petition, the first amended petition asserted claims regarding all three subject properties—13636 SH 249, 13644 SH 249, and Kleingreen—and the Estate asserted these claims against the Scheffler parties, Malachite, and other parties to the underlying probate proceeding who are not parties to this appeal. For example, the first amended petition sought a declaration of rights, status, and ownership of Kleingreen against Venture REO Services—one of the Scheffler parties—and Torregrossa. The Estate also asserted causes of action for

14

trespass to try title and suit to quiet title alleging that the Estate "has superior title" to Kleingreen. The Estate asserted these claims against Venture REO Services, Torregrossa, and Scheffler individually.

Moreover, concerning 13636 SH 249 and 13644 SH 249, the first amended petition requested "a declaration of rights, status, ownership, and boundaries" regarding these two properties against Shiva Investment Group, 249 Fireworks, Winco Fireworks, Collar, and Malachite. The Estate also asserted causes of action for trespass to try title and suit to quiet title as to these two properties. As to 13636 SH 249, the Estate asserted these claims against the Scheffler parties, Shiva Investment Group, 249 Fireworks, Winco Fireworks, and Collar. As to 13644 SH 249, the Estate asserted these claims against Shiva Investment Group, Malachite, and the Scheffler parties. Thus, considering the Estate's pleadings alone, the Estate asserted causes of action concerning the subject properties against parties other than appellees.

The probate court granted summary judgment and dismissed the Estate's claims against the Scheffler parties and Malachite. The appellate record also indicates that the probate court granted summary judgment on most but not all of the Estate's claims against 249 Fireworks. The record does not indicate, however, that the probate court has entered any orders resolving the Estate's claims concerning the subject properties against Shiva Investment Group, Winco Fireworks, Collar, or

15

Torregrossa. In its jurisdictional response, the Estate did not attempt to show that such claims against these parties have been resolved. Because the record before us indicates that the Estate itself has pending claims concerning interests in the subject properties, we cannot conclude that the challenged summary judgment orders resolved all the interests claimed in the subject properties such that the orders concluded a discrete phase of the probate proceeding and were final and appealable. *See De Ayala*, 193 S.W.3d at 578 ("Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory."); *Gutierrez v. Stewart Title Co.*, 550 S.W.3d 304, 312 (Tex. App.— Houston [14th Dist.] 2018, no pet.) (holding that pre-severance summary judgment order in probate proceeding was interlocutory, not final and appealable, because plaintiff "asserted multiple claims against multiple parties arising out of the same challenged conveyances," but summary judgment order only disposed of claims between plaintiff and one of these parties). We therefore disagree with the Estate that the summary judgment orders dismissing the Estate's claims against the

16

Scheffler parties and Malachite disposed of all parties' claims to the subject properties such that the orders were final and appealable.[5]

The summary judgment orders in this case are like the summary judgment order at issue in *Gutierrez v. Stewart Title Co. See* 550 S.W.3d at 307–08. In that case, Gutierrez owned two pieces of property when she died, and her will bequeathed the two properties to two of her five children. *Id.* However, the will contained a provision prohibiting the children from selling the properties until only one child remained living, but the executor nevertheless sold the two properties. *Id.* at 308. After the properties were sold, a successor executor was appointed, and the successor executor sued Stewart Title and the grantees of the properties seeking a declaration that the conveyances were void because the executor lacked authority under the will to sell the properties. *Id.* The probate court severed the claims concerning each property into separate lawsuits. *Id.* The court then granted summary judgment in favor of Stewart Title in both lawsuits and dismissed the successor executor's claims against Stewart Title. *Id.* The successor executor appealed, but she subsequently dismissed her appeal voluntarily because she contended that the summary judgment orders were not appealable. *Id.* The probate court then severed the successor

---

[5]   Because the Estate itself has claims concerning the subject properties pending against other parties, we need not separately consider whether other parties asserted claims concerning these properties that remain pending.

17

executor's claims against Stewart Title from the remaining claims involving the successor executor and the grantees, and the successor executor filed new notices of appeal in the newly severed suits. *Id.*

On appeal, Stewart Title argued that the notices of appeal were untimely because the summary judgment orders—not the subsequent orders severing the executor's claims against Stewart Title—were final and appealable because they decided a distinct phase of the proceeding. *Id.* at 308, 309. The Fourteenth Court of Appeals disagreed. *Id.* at 311–12. "While the summary judgment orders certainly brought an end to the claim against Stewart Title, they did not end the discrete phase of the proceedings of which Stewart Title is a part." *Id.* at 311. The successor executor "asserted multiple claims against multiple parties arising out of the same challenged conveyances. Stewart Title was only one of several parties involved in the transfers, and one of several defendants, and the August 31, 2016 [summary judgment] orders disposed of the claims only as between [the successor executor] and Stewart Title." *Id.* The Fourteenth Court thus held that the summary judgment orders were interlocutory when signed, and they became final and appealable when the probate court subsequently severed the successor executor's claims against Stewart Title. *Id.* 312.

Similarly, here, the summary judgment orders in favor of the Scheffler parties and Malachite resolved only the Estate's claims against the Scheffler parties and

18

Malachite. However, the Estate asserted the same claims concerning the same subject properties against other parties, and the appellate record does not indicate that these claims have been resolved. Thus, the summary judgment orders were interlocutory. Unlike in *Gutierrez*, the Estate's claims against the Scheffler parties and Malachite were not severed into a separate lawsuit. *Cf. id.* at 308. Therefore, under *Gutierrez*, the summary judgment orders dismissing the Estate's claims only against the Scheffler parties and Malachite were interlocutory, not final and appealable. *See id.* at 310–12.

The Estate also argues that both summary judgment orders contained finality language, indicating that the probate court intended that the orders be final and appealable. A trial court's intent concerning the finality of its orders is relevant to whether the orders are final and appealable. *See De Ayala*, 193 S.W.3d at 578 (stating that severance orders can "eliminate ambiguities about whether the order was intended to be final and appealable"); *Crowson*, 897 S.W.2d at 783 ("A severance order avoids ambiguities regarding whether the matter is appealable."). However, such "intent to finally dispose of the case must be unequivocally expressed in the words of the order itself." *Lehmann*, 39 S.W.3d at 200.

Here, the summary judgment orders dismissed all of the Estate's claims against the Scheffler parties and Malachite. The order granting the Scheffler parties' motion for summary judgment stated, "This judgment finally disposes of all claims

19

and causes of action between [the Estate] and The Scheffler Defendants and is severable." Likewise, the order granting Malachite's motion for summary judgment stated, "This judgment finally disposes of all claims between [the Estate] and Malachite and is severable." These orders did not state that they were final as to all parties, that they concluded a distinct phase of the proceeding, or that they were appealable. Instead, the orders stated that they were final only as to some parties and were severable. Thus, contrary to the Estate's argument on appeal, the language in the orders does not unequivocally express the probate court's intent that the orders be final. *See id.* at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention.").

Finally, the Estate argues that even if the summary judgment orders are "in some way overly broad," they are nevertheless final and appealable. The Estate does not explain how the orders are overly broad. In any event, as support for this argument, the Estate cites to a single sentence in *Jacobs v. Satterwhite*, in which the Texas Supreme Court stated that "if a defendant moves for summary judgment on only one of [multiple] claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *See* 65 S.W.3d 653, 655 (Tex. 2001) (per curiam) (quoting *Lehmann*, 39 S.W.3d at 200). However, the summary judgment orders in

20

this case did not enter a take-nothing judgment against the Estate; rather, the orders granted summary judgment in favor of the Scheffler parties and Malachite only on the claims asserted by the Estate against these parties. Moreover, immediately preceding the sentence relied upon by the Estate, the *Jacobs* court stated that "[l]anguage that the plaintiff take nothing by his claims in the case . . . shows finality *if there are no other claims by other parties*." *Id.* (quoting *Lehmann*, 39 S.W.3d at 205) (emphasis added). Here, by contrast, other claims asserted by and against other parties exist. Thus, *Jacobs* is inapposite.

We conclude that the Estate has not established on the appellate record before us that the probate court's orders granting summary judgment in favor of the Scheffler parties and Malachite were final and appealable. The Texas Supreme Court has repeatedly cautioned parties to seek severance orders in cases like this one to "eliminate ambiguities about whether the order was intended to be final and appealable." *De Ayala*, 193 S.W.3d at 578. The Estate did not seek to sever its claims against the Scheffler parties and Malachite after the probate court signed the summary judgment orders. *See id.*; *Crowson*, 897 S.W.2d at 783; *Gutierrez*, 550 S.W.3d at 312. Nor has the Estate established that the summary judgment orders were final and appealable. Accordingly, we hold that we lack jurisdiction over this appeal.

**Conclusion**

We dismiss the appeal for want of jurisdiction.


April L. Farris
Justice

Panel consists of Justices Kelly, Landau, and Farris.