Opinion issued May 1, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00895-CV

_____

**ANSERA BENET DUPREE JR., Appellant**

**V.**

**JASON A. ITKIN AND ARNOLD & ITKIN, LLP, Appellees**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-54223**

---

## MEMORANDUM OPINION

Appellant Ansera Benet Dupree Jr. attempts to appeal from two orders denying his motion for default judgment and his motion objecting to discovery requests. We dismiss the appeal for lack of jurisdiction.

**Background**

Dupree hired appellees Jason A. Itkin and Arnold & Itkin, LLP to represent him in a lawsuit concerning the medication Risperdal. Unable to obtain relief in that lawsuit, Dupree filed the underlying legal malpractice action against appellees.

Dupree filed suit against appellees on August 16, 2024. The same day, he requested issuance of citation to be served by certified mail. Both appellees were served with citation and the petition on August 29, 2024. On September 11, 2024, Dupree filed a motion for default judgment alleging that appellees had not filed an answer. Appellees filed their answer on September 16, 2024. The trial court then signed an order denying the motion for default judgment because appellees had filed an answer.

On October 23, 2024, Dupree filed a document entitled "2nd Response."[1] This document primarily contained Dupree's responses and objections to appellees' discovery requests. The document also contained a motion requesting to "withhold any medical records, hospital locations, doctors['] names and information" from appellees. Dupree also filed a notice of submission for the "2nd Response." In its entirety, the notice stated:

---

[1] Dupree filed four additional documents entitled "Response" on October 4, October 17, October 30, and November 5, 2024. Each of these documents reiterated parts of Dupree's petition and his requested relief. Each of these documents except the November 5 filing also contained a motion to dismiss.

2

I would like to request for 2nd Response and its entirety of 9 pages, as follows, Notice of Motion, all motions, all Responses, and Relief for cause no. 202454223 Ansera Benet Dupree Jr. Vs. Jason A. Itkin, and Arnold & Itkin LLP, as well as all case correspondence, to be ruled on, on November 11th, 2024 at 8:00 AM.

The trial court signed an Order Denying Outstanding Motions/Responses. The order stated that Dupree had filed a notice of submission requesting a ruling on his "2nd Response," and the record contained a document entitled "2nd Response" concerning "responses to discovery." But the order stated that "[i]t is unclear exactly what the Plaintiff is seeking a ruling on," and "the relief that is requested is vague and unclear." The order denied Dupree's "request for Entry of Judgment and/or ruling on its 'Motion[.]'"

Dupree filed a notice of appeal challenging the two orders denying his motion for default judgment and his "2nd Response."

## Appellate Jurisdiction

In their responsive brief, appellees contend that this Court lacks jurisdiction over this appeal because the trial court has not issued an appealable order. Dupree does not address the jurisdictional issue.

## A. Standard of Review and Governing Law

Generally, appellate courts have jurisdiction only over appeals from final judgments. *Caress v. Fortier*, 576 S.W.3d 778, 780 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). The Legislature has created narrow exceptions to this general

rule, permitting appellate courts to review specific interlocutory orders when explicitly authorized by statute. *Id.*; *see, e.g.*, TEX. CIV. PRAC. & REM. CODE §§ 15.003(b), 27.008(a), 51.014(a), 51.016; *accord Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("Statutes authorizing interlocutory appeals are a narrow exception to the general rule that appellate courts generally only have jurisdiction over final judgments.") (quotations omitted).

A judgment is final and appealable "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)). By contrast, an order is interlocutory and generally not appealable when it "leaves significant factual and legal issues open for further determination." *Id.*; *see also Interlocutory*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "interlocutory" as "interim or temporary; not constituting a final resolution of the whole controversy"). "When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment." *Bonsmara Nat. Beef*, 603 S.W.3d at 390.

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Kim v. Ramos*, 632 S.W.3d 258, 263 (Tex. App.—Houston [1st Dist.] 2021, no pet.)

4

(quoting *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012)). Whether we have jurisdiction over an appeal is a question of law, which we review de novo. *Id.* If we lack jurisdiction over an appeal, we must dismiss the appeal. *Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

**B.    Analysis**

Dupree attempts to appeal from two orders. For the reasons discussed below, we lack appellate jurisdiction to review these orders at this stage of the proceeding.

The first order denied Dupree's motion for default judgment. Dupree filed the motion and sought a default judgment days after appellees were served with citation and the petition but before they filed an answer. Appellees subsequently filed an answer before the trial court ruled on the motion. The court denied the motion because appellees had filed an answer.

The order denying Dupree's motion for default judgment is not final because it does not actually dispose of all claims and parties in the underlying proceeding or state with unmistakable clarity that it is a final judgment as to all claims and parties. *See Bison Bldg. Materials*, 422 S.W.3d at 585. Ordinarily, the denial of a motion for default judgment is an interlocutory order not subject to immediate appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a); *S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.]

5

July 12, 2018, no pet.) (mem. op.) (stating that order denying motion for default judgment ordinarily is interlocutory and not subject to appeal until after final judgment or final order); *Crain v. Murach*, No. 04-24-00591-CV, 2024 WL 4363747, at *1 (Tex. App.—San Antonio Oct. 2, 2024, no pet.) (per curiam) (mem. op.) (same). Because the order denying default judgment was neither final nor an appealable interlocutory order, we conclude that this Court lacks jurisdiction to review the order at this stage of the proceeding. *See Caress*, 576 S.W.3d at 780.

The second order denied Dupree's "request for Entry of Judgment and/or ruling on its 'Motion[.]'" This order expressly references Dupree's "2nd Response," which primarily concerned Dupree's responses and objections to appellees' discovery requests. The "2nd Response" contained a motion requesting to "withhold any medical records, hospital locations, doctors['] names and information[.]"

This order, like the order denying the motion for default judgment, is not final because it does not actually dispose of all claims and parties or state with unmistakable clarity that it is a final judgment as to all claims and all parties. *See Bison Bldg. Materials*, 422 S.W.3d at 585. "Discovery orders are interlocutory in nature and therefore are not appealable until after a final judgment is entered." *Dawson v. Pakenham*, No. 14-23-00190-CV, 2023 WL 3115725, at *1 (Tex. App.— Houston [14th Dist.] Apr. 27, 2023, no pet.) (per curiam) (mem. op.); *see also Ex parte J.M.*, No. 02-24-00150-CV, 2024 WL 2347647, at *1 (Tex. App.—Fort Worth

6

May 23, 2024, no pet.) (mem. op.) (same); TEX. CIV. PRAC. & REM. CODE § 51.014(a). Because the discovery order is neither a final order nor an appealable interlocutory order, we lack jurisdiction to review the order at this stage of the proceeding. *See Caress*, 576 S.W.3d at 780.

We hold that the Court lacks appellate jurisdiction to review the trial court's challenged orders. *See Bonsmara Nat. Beef*, 603 S.W.3d at 390 (stating that interlocutory orders merge into judgment and may be appealed when trial court renders final judgment).

## Conclusion

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.