**Opinion issued June 26, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-24-00128-CV**

_____

**VICTOR ANTHONY CHARLES, Appellant**

**V.**

**INVUM THREE, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1216475**

---

**MEMORANDUM OPINION**

Victor Anthony Charles appeals from the county court's judgment awarding possession of residential property to Invum Three, LLC. In three issues, Charles argues that a title dispute deprived the county court of subject-matter jurisdiction, he had standing to challenge the validity of a foreclosure sale of the property to Invum

Three, and the foreclosure sale was invalid. We hold that the county court lacked subject-matter jurisdiction over the case. Accordingly, we vacate the county court's judgment and writ of possession, and we dismiss the case for lack of jurisdiction.

## Background

In 2004, Billy Ray Murray and Rose Mary Murray signed a deed of trust securing a loan on residential property in Houston. This property is the subject of this appeal. Under the deed, the Murrays' mortgage lender had authority to sell the property at foreclosure under certain circumstances, such as if the Murrays defaulted on the debt payments. The deed included a tenancy-at-sufferance clause providing that if the property sold at foreclosure, the Murrays "or any person holding possession of the Property through Borrower [the Murrays]" were required to surrender possession of the property to the purchaser at the foreclosure sale. If they did not surrender possession, the Murrays "or such person shall be tenants at sufferance and may be removed by writ of possession."

In December 2020, Charles allegedly obtained title to the subject property by adverse possession. The appellate record contains documents showing that a Harris County District Court signed a default judgment awarding deed and title to the property to Charles.

Subsequently, the Murrays defaulted on their loan, and Invum Three purchased the property at a foreclosure sale in May 2023. The property was

2

conveyed to Invum Three by substitute trustee's deed. In August 2023, Invum Three sent the Murrays notices to vacate. The notices requested that the Murrays "and/or All Other Occupants" vacate the property immediately.

In October 2023, Invum Three filed a forcible detainer suit in justice court to evict the Murrays and "all other occupants" from the subject property. Invum Three alleged that it had purchased the property at foreclosure sale, and on the date of the sale, Invum Three became the landlord and the Murrays and all other occupants became tenants at sufferance pursuant to the tenancy-at-sufferance clause in the Murrays' deed of trust. Invum Three also alleged that it had provided written notice to vacate the property, but the tenants refused to comply. The petition attached several documents, including the Murrays' deed of trust, the substitute trustee's deed conveying the property to Invum Three, and the notices to vacate. Invum Three requested that the justice court award it possession of the property.

Shortly after Invum Three filed suit, Charles intervened and filed a motion to dismiss the case combined with a plea to the jurisdiction. In the plea, Charles asserted that the justice court lacked jurisdiction over the case because a district court had awarded him title and deed to the property in December 2020. The motion attached an order signed by the 269th District Court of Harris County on December 4, 2020. In this order, the district court granted Charles's motion for default judgment and "award[ed] title and deed to the Plaintiff, Victor Anthony Charles."

The justice court entered judgment awarding possession of the property to Invum Three. Charles appealed the judgment to the county court for trial de novo.

In the county court, Charles filed an amended motion to dismiss the case combined with a plea to the jurisdiction that was nearly identical to his jurisdictional challenge in the justice court. In the plea, Charles argued that the justice court and the county court lacked jurisdiction over the case because a title dispute existed. Charles attached the December 2020 order awarding him title and deed to the property.

The county court signed a final judgment awarding possession of the property to Invum Three. The judgment set a supersedeas bond in the amount of $11,200. The record does not show that Charles filed a supersedeas bond. The county court subsequently signed an order denying Charles's combined motion to dismiss and plea to the jurisdiction.

The district clerk issued a writ of possession, which was executed while this appeal was pending. Charles therefore no longer has possession of the property. This appeal followed.

**Subject-Matter Jurisdiction**

In his first issue, Charles argues that the justice court and the county court lacked subject-matter jurisdiction over the forcible detainer suit because a title dispute exists. This issue is dispositive of this appeal. In its responsive brief, Invum

4

Three argues that the appeal is moot, and it disputes Charles's jurisdictional arguments.

## A. Standard of Review

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 310 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). "If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause." *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (quoting *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985)). Whether this Court has appellate jurisdiction is also a question of law that we review de novo. *Caress v. Fortier*, 576 S.W.3d 778, 781 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

## B. Governing Law

A forcible detainer is one type of suit for eviction from real property. TEX. PROP. CODE § 24.004(a); *Riley v. Deanda*, 706 S.W.3d 578, 581 (Tex. App.—Houston [1st Dist.] 2024, no pet.). The sole issue to be decided in a forcible detainer suit is the entitlement to actual and immediate possession of real property. TEX. R. CIV. P. 510.3(e); *Riley*, 706 S.W.3d at 581. Issues of title may not be adjudicated in a forcible detainer suit. *Riley*, 706 S.W.3d at 581; *see also Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) ("An action for forcible detainer

is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.").

Generally, a justice court has subject-matter jurisdiction to hear an eviction suit but lacks jurisdiction to adjudicate title. TEX. GOV'T CODE § 27.031(a)(2), (b)(4); TEX. PROP. CODE § 24.004; *Riley*, 706 S.W.3d at 582. A party may appeal a justice court's eviction judgment to county court for trial de novo. TEX. R. CIV. P. 509.8(a), (e), 510.10(c); *see Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("[T]he perfection of an appeal from a justice court to a county court at law for trial de novo vacates and annuls the judgment of the justice court."). The county court's jurisdiction on appeal is no greater than the justice court's jurisdiction. *Riley*, 706 S.W.3d at 582; *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (stating that county court cannot adjudicate title in forcible detainer appeal).

But the mere existence of a title dispute does not necessarily deprive justice courts and county courts of jurisdiction in forcible detainer actions. *Riley*, 706 S.W.3d at 582. Rather, these courts lack jurisdiction only if the right to immediate possession necessarily turns on resolution of the title dispute. *Id.*; *see also Chinyere v. Wells Fargo Bank*, 440 S.W.3d 80, 83 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (stating that justice and county courts lack jurisdiction over eviction action

6

when title dispute is "so intertwined with the issue of possession so as to preclude adjudication of the right to possession without first determining title"). Thus, if the right to immediate possession can be decided on a basis independent of a title dispute, such as when a landlord-tenant relationship exists between the parties, the title dispute does not deprive the justice court or county court of jurisdiction over the eviction suit. *Riley*, 706 S.W.3d at 582; *Isaac*, 563 S.W.3d at 311.

"To refute the jurisdiction of a justice court or county court to hear a forcible detainer suit on the basis of a title dispute, a defendant need only make factual allegations that amount to a claim of title ownership that is not patently ineffective under the law and is intertwined with the issue of immediate possession." *Riley*, 706 S.W.3d at 582.

## C. Appellate Jurisdiction

Invum Three asserts that this appeal is moot because Charles lost possession of the property in February 2024, and he does not have a meritorious claim of right to current, actual possession. Mootness affects an appellate court's jurisdiction over an appeal, so we address this issue first. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 864–65 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[A]ppellate courts lack jurisdiction to decide moot controversies and render advisory opinions.") (quotation omitted).

Mootness implicates a court's subject-matter jurisdiction, which "is essential to a court's power to decide a case." *Noteware v. Turner*, 576 S.W.3d 835, 839 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (quotation omitted). A case becomes moot when a justiciable controversy no longer exists between the parties or when the parties no longer have a legally cognizable interest in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). Mootness can occur at any time, including on appeal. *Id.*; *see Noteware*, 576 S.W.3d at 839 ("A controversy must exist between the parties at every stage of the legal proceedings, including the appeal."). When a case becomes moot, the court loses subject-matter jurisdiction over it. *Harper*, 562 S.W.3d at 6; *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies.").

An eviction appeal can become moot if a party does not post a supersedeas bond, relinquishes possession of the property, and vacates the property pursuant to a writ of possession. *Guillen*, 494 S.W.3d at 865. But the appeal is not moot if the party "held and asserted a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787. In *Marshall*, for example, a tenant vacated her apartment after filing a notice of appeal from a judgment awarding possession of the apartment to the landlord. *Id.* The tenant's lease then expired, and she no longer had any basis to claim a right to possession of the

apartment. *Id.* The Texas Supreme Court held that the possession issue became moot when the tenant's lease expired and she was no longer in possession of the apartment because a live controversy no longer existed. *Id.*

Here, although Charles is no longer in possession of the property, he continues to assert a claim of possession based on his own title to the property that he allegedly acquired by adverse possession. Invum Three contends that Charles lacks a potentially meritorious claim of right to current, actual possession of the property because Charles's possessory interest was "subject and subordinate to the recorded deed of trust," which "was extinguished by the foreclosure sale."

As an initial matter, Invum Three offers no legal or record support for these arguments. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "appropriate citations to authorities and to the record"), 38.2(a) (generally requiring appellee's brief to conform to requirements of Rule 38.1). Nevertheless, Charles claims a possessory interest based solely on his claim to title to the property. Although Invum Three couches its arguments in terms of a possessory interest, it effectively argues that Charles's title interest was subject and subordinate to the Murrays' title and was extinguished by the foreclosure sale. Resolving Charles's claims of title were beyond the jurisdiction of the county court. *See Riley*, 706 S.W.3d at 582.

A successful challenge to the county court's jurisdiction would result in vacatur of its judgment awarding possession of the property to Invum Three. *See Praise Deliverance Church*, 536 S.W.3d at 853. Although Charles would still lack possession, he could bring his own forcible detainer action to evict Invum Three based on his claim of title. *See id.* at 854. Accordingly, we conclude that Charles retains a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787. We therefore hold that this appeal is not moot. *See Praise Deliverance Church*, 536 S.W.3d at 854 (concluding that appeal is not moot even though defendant lacked possession on appeal and failed to supersede judgment).

## D.     Trial Court's Jurisdiction

In his first issue, Charles contends that the county court lacked subject-matter jurisdiction because a title dispute exists. Invum Three responds that the title dispute was not so intertwined with the possession issue such that the county court was deprived of jurisdiction. Invum Three further argues that the tenancy-at-sufferance clause in the Murrays' deed of trust provided the county court with an independent basis of jurisdiction to decide the possession issue. We agree with Charles that the county court lacked subject-matter jurisdiction.

Invum Three purchased the property at a foreclosure sale pursuant to the terms in the Murrays' deed of trust. The deed of trust provided a power of sale to the

10

Murrays' mortgage lender in the event of foreclosure. The deed further provided that if the property was sold at foreclosure sale, the Murrays "or any person holding possession of the Property through [the Murrays]" shall immediately surrender possession, and if possession is not surrendered, the Murrays "or such person" shall be tenants at sufferance and may be removed by writ of possession.

After the purchase, Invum Three sent notice to the Murrays demanding that they and all other occupants vacate the property. Invum Three then filed a forcible detainer action in justice court to evict the Murrays and "all other occupants" of the property. Charles intervened in the suit and moved to dismiss the case for lack of subject-matter jurisdiction because he had allegedly obtained title to the property by order of a district court.

"It has long been established that a defendant's assertion of an adverse possession claim that is not defective on its face is one circumstance in which a title dispute is inextricably intertwined with the right to immediate possession." *Riley*, 706 S.W.3d at 582–83 (collecting cases). To defeat jurisdiction in this case, Charles needed "only make factual allegations that amount to a claim of title ownership that is not patently ineffective under the law and is intertwined with the issue of immediate possession." *See id.* at 582. Charles's claim met this standard.

Charles alleged that he acquired title to the subject property through adverse possession, and he continues to assert this claim on appeal. *See id.* He supported his

11

allegation with a district court order awarding him deed and title to the property in December 2020, which is after the date the Murrays signed the deed of trust that was the basis for the foreclosure sale of the property to Invum Three. Invum Three does not dispute that Charles's claim of adverse possession is not defective on its face. *See id.* at 582–83. Thus, Charles presented factual allegations that amount to a claim of title ownership to the subject property that is not patently ineffective under the law and is intertwined with the issue of possession. *See id.*; *Jackson v. Ethridge*, No. 01-21-00667-CV, 2023 WL 2249203, at *6 (Tex. App.—Houston [1st Dist.] Feb. 28, 2023, no pet.) (mem. op.) (noting that several courts, including this Court, "have held that when a party asserts a claim of adverse possession, the party raises a title issue that is necessarily intertwined with the issue of possession and that deprives the justice and county courts of jurisdiction over the forcible detainer action" and leaving issue of whether defendant could ultimately prevail on adverse possession claim for district court).

Invum Three's reliance on the tenancy-at-sufferance clause in the Murrays' deed of trust to provide the county court with an independent basis of jurisdiction is unavailing. When a plaintiff purchases property at a foreclosure sale and files an eviction action against the occupants, the plaintiff prevails by establishing that (1) the substitute trustee conveyed the property by deed to the plaintiff after the foreclosure sale, (2) a landlord-tenant relationship existed and the occupants became

12

tenants at sufferance, (3) the plaintiff properly notified the occupants to vacate the property, and (4) the occupants refused to vacate the premises. *Isaac*, 563 S.W.3d at 310–11.

A tenancy at sufferance arises "when a person who has been in lawful possession of property wrongfully remains as a holdover after his or her interest has expired." *Tenancy*, BLACK'S LAW DICTIONARY (12th ed. 2024); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013) ("The defining characteristic of a tenancy at sufferance is the lack of the landlord's consent to the tenant's continued possession of the premises."). "A provision in the borrower's mortgage creating a landlord-tenant relationship after a foreclosure sale satisfies" the second element requiring that a landlord-tenant relationship existed and the occupants became tenants at sufferance. *Isaac*, 563 S.W.3d at 312 (quoting *Trimble*, 516 S.W.3d at 29). A tenancy-at-sufferance clause separates the issue of possession from the issue of title because "a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure-sale purchaser." *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The Murrays' deed of trust contained the following tenancy-at-sufferance clause:

> If the Property is sold pursuant to this paragraph 22 [concerning foreclosure and power of sale], Borrower [the Murrays] or any person

> holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be tenants at sufferance and may be removed by writ of possession.

As written, this provision applied only to the parties to the deed of trust, which included the Murrays or "any person holding possession of the Property through" the Murrays. Charles was not a party to the deed of trust, and he does not assert a right of possession through the Murrays. To the contrary, he asserts a right of possession through his own title. Thus, while the tenancy-at-sufferance provision in the Murrays' deed of trust may have created a landlord-tenant relationship between Invum Three and the Murrays, it did not create such a relationship as to Charles.[1] Accordingly, we conclude that Charles was not a tenant at sufferance under the Murrays' deed of trust.[2]

We conclude that Invum Three's right to immediate possession necessarily turned on the resolution of a title dispute, and the county court did not have an independent basis of jurisdiction. *See Riley*, 706 S.W.3d at 582. Accordingly, we hold that the county court lacked subject-matter jurisdiction over this eviction suit.[3]

---

[1] Invum Three argues that Charles does not challenge the validity of the deed of trust, but he need not do so under the circumstances presented here because he claims title to the property independent of the deed of trust.

[2] To the extent Invum Three contends that the deed of trust was recorded and thus provided notice to Charles of the deed, this is a question of title that the justice and county courts lacked jurisdiction to determine.

[3] Because of this holding, Charles's remaining issues are not necessary to final disposition of this appeal, and we decline to consider them. *See* TEX. R. APP. P. 47.1.

14

The proper remedy is to vacate the county court's judgment and writ of possession and dismiss the suit for lack of jurisdiction. *See id.* at 583–84.

We sustain Charles's first issue.

## Conclusion

We vacate the county court's judgment and writ of possession, and we dismiss the case for lack of jurisdiction.

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.