**Opinion issued June 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00065-CV

————————————

**MARY VELA A/K/A MARY NAVA, Appellant**

**V.**

**SHAFAII INVESTMENTS, LTD., Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1190335**

---

## MEMORANDUM OPINION

Appellant Mary Vela a/k/a Mary Nava challenges the county court's judgment in a forcible detainer action brought by appellee Shafaii Investments, Ltd. In two issues, Vela contends that the trial court erred in denying her plea to the jurisdiction and granting Shafaii Investments's motion for summary judgment. We affirm.

## Background

In March 2014, Vela executed a Deed of Trust to Secure Assumption, granting Shafaii Investments, as beneficiary, a deed of trust lien against the property to secure payment of a lien note in the amount of $49,000. The deed of trust permitted the trustee to foreclose on the real property at Shafaii Investments's direction and provided that Vela was required to surrender possession in the event of foreclosure. According to the deed of trust, if Vela failed to surrender possession, she would "become a tenant at sufferance of the purchaser, subject to an action for forcible detainer."

In 2021, the trustee sold the property to Shafaii Investments at a non-judicial foreclosure sale. Thereafter, in February 2022, Shafaii Investments filed a forcible detainer action in justice court, seeking to evict Vela from the property and obtain possession. The justice court awarded possession to Shafaii Investments, and Vela appealed the decision to county court.

On September 27, 2022, Shafaii Investments filed a motion for summary judgment in the county court proceeding, arguing that the evidence indisputably established that Shafaii Investments was entitled to immediate possession of the property as a matter of law. Shafaii Investments supported its motion with an affidavit of Raj Shafaii, President and Director of Shafaii Investments; the deed of trust executed by Vela; the Substitute Trustee's Deed issued to Shafaii Investments

2

following the foreclosure sale; Shafaii Investments's demand for immediate possession and notice to vacate, sent to Vela via counsel on December 21, 2021; Appointment of Substitute Trustee; and other lease agreements for townhomes in the same complex, establishing current rental rates.

On October 12, 2022, Vela filed a plea to the jurisdiction, arguing that the court lacked subject-matter jurisdiction because the foreclosure was wrongful and Shafaii Investments's notice to vacate was inadequate, and as a result, the petition for forcible detainer was not ripe.

Both parties filed responses to the other party's pleadings. On November 1, 2022, the trial court signed its Final Judgment and Order of Possession granting Shafaii Investments's motion for summary judgment. Thereafter, the trial court heard and denied Vela's Motion to Set Aside Summary Judgment, and this appeal followed.

## Plea to the Jurisdiction

In her first issue, Vela contends that the trial court erred in denying her plea to the jurisdiction. Specifically, Vela argues that the county court lacked subject-matter jurisdiction because the questions of title and possession were so intertwined that title to the property necessarily had to be determined before possession could be determined.

## A. Standard of Review

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## B. Applicable Law

Jurisdiction over a forcible detainer action is expressly given to the justice court of the precinct where the property is located, and on appeal, to the county court for a trial de novo. *See* TEX. PROP. CODE § 24.004(a); TEX. GOV'T CODE § 27.031(a)(2); TEX. R. CIV. P. 510.10(c). A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial. TEX. R. CIV. P. 510.10(c). A county court must adjudicate the right to actual possession and not title. TEX. R. CIV. P. 510.3(e); *see Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) ("[T]he justice court, and a county court on appeal, lack jurisdiction to resolve any questions of title beyond the immediate right to possession.").

A forcible detainer "action 'is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.'" *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). The judgment in

4

a forcible detainer action is a final determination only of the right to immediate possession. *Id.* Thus, to prevail in a forcible detainer action, the plaintiff is not required to prove title, but is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 310 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). If, however, an issue of title is so intertwined with the issue of possession that a court must resolve the title dispute before determining which party has a superior right to immediate possession, then the justice court and the county court lack jurisdiction to resolve the matter and must dismiss the case. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.— Houston [14th Dist.] 2015, no pet.).

"A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). "[N]ot only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such

5

a system." *Dormady*, 61 S.W.3d at 558 (quoting *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.)).[1]

**C.      Analysis**

In her first issue, Vela essentially contends that the question of title is so intertwined with the question of possession, and therefore, the county court lacked jurisdiction to determine possession. Vela argues that Shafaii Investments is not entitled to possession because of defects in the foreclosure process. In response, Shafaii Investments argues that the trial court had jurisdiction to decide possession because Vela's complaints about the validity of the foreclosure sale need not be resolved to determine possession. We agree with Shafaii Investments.

"A landlord-tenant relationship provides 'an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property.'" *Salazar v. HPA Tex. Sub 2016-1 LLC*, No. 01-19-00330-CV, 2020 WL 7702176, at *3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2020, pet. denied) (mem. op.) (quoting *Rice*, 51 S.W.3d at 712). When "a landlord-tenant relationship is established in the original deed of trust[,] [t]he landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property." *Dormady*, 61 S.W.3d at

---

[1]      The record indicates Vela filed a separate action against Shafaii Investments in district court, and her brief confirms that suit alleges wrongful foreclosure.

6

559. Even when the validity of a deed is challenged, courts have held that the issue of possession may be determined without addressing title when a landlord-tenant relationship is established through a deed of trust. *See Casalicchio v. Fed. Home Loan Mortg. Corp.*, No. 01-19-00392-CV, 2021 WL 921779, at *4 (Tex. App.—Houston [1st Dist.] Mar. 11, 2021, no pet.) (mem. op.); *Chevalier v. Roberson*, No. 01-15-00225-CV, 2016 WL 1590993, at *3 n.2 (Tex. App.—Houston [1st Dist.] Apr. 19, 2016, no pet.) (mem. op.) ("[Appellant] has the right to sue in district court to determine whose deed is valid.").

In this case, as noted above, the deed of trust provided:

> If any of the Property is sold under this deed of trust, Grantor [Vela] must immediately surrender possession to the purchaser [Shafaii Investments]. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

On appeal, Vela does not raise arguments concerning the validity of the deed of trust or otherwise challenge the above-quoted language. Rather, Vela argues that Shafaii Investments's Notice to Vacate was defective.[2] "[A] title dispute 'based entirely on [the] contention that the foreclosure was improper' is not intertwined with the right of immediate possession." *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Pinnacle*

---

[2]  As discussed further below, Vela contends that Shafaii Investments only served her ex-husband, Paul Vela, with the notice to vacate. Vela argues that Paul was neither a party to the action nor a resident of the property.

*Premier Props. Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). Vela's attack on the validity of the foreclosure sale is independent of the question of possession in the forcible detainer action. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding appellant could sue in district court to determine whether appellee's deed should be canceled because of wrongful foreclosure, but county court could determine immediate possession in forcible detainer suit); *Dormady*, 61 S.W.3d at 558 (citing *Hewitt*, 90 S.W.2d at 818–19 ("[I]f the forcible detainer defendants desired to attack the validity of the sale made under the deed of trust, they could proceed with a suit in the district court.")).

Any questions as to the adequacies of the underlying foreclosure did not deprive the trial court of jurisdiction. The question of the foreclosure's validity may be resolved independently of the county court's determination that Shafaii Investments is entitled to immediate possession of the property. *See Guillen*, 494 S.W.3d at 868. Shafaii Investments established the existence of a landlord-tenant relationship through the deed of trust. Because there was a basis for determining possession without resolving the ultimate issue of title, we hold the trial court had subject-matter jurisdiction to decide the forcible detainer action. *See Dormady*, 61 S.W.3d at 557–59. For the same reasons, we likewise reject Vela's related argument that the trial court lacked jurisdiction because "there is no justiciable issue in this

case that [the trial court] can resolve." Again, the trial court could determine the question of possession without resolving the issue of title. *Id.*

We overrule Vela's first issue.

### Summary Judgment

In her second issue, Vela argues that the trial court erred in granting Shafaii Investments's motion for summary judgment because a fact issue existed as to the adequacy of the notice of default and notice to vacate.

### A.    Standard of Review and Applicable Law

We review summary judgments de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). A party moving for traditional summary judgment, as here, must prove that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*; TEX. R. CIV. P. 166a(c). If the movant does so, the burden shifts to the nonmovant to raise a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We take as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.*

To establish forcible detainer and prevail on its motion for summary judgment, Shafaii Investments had the burden to establish the following as a matter of law: (1) it was the owner, (2) Vela was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Vela's right to possession, (4) it made a statutorily sufficient written demand for possession, and (5) Vela refused to leave.

*See* TEX. PROP. CODE § 24.002; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

**B.     Analysis**

It is not entirely clear from Vela's briefing which of the forcible detainer elements she contends Shafaii Investments failed to establish as a matter of law. Vela first argues that by relying on the documents pertaining to the foreclosure sale in its summary judgment motion, Shafaii Investments invited the trial court to investigate the documents in question, "[s]pecifically, whether the underlying notice of default was actually delivered and whether that notice was proper at all."

Again, this argument concerns a defect in the foreclosure process. *See Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564 ("Appellees articulate a title dispute, but it is based entirely on their contention that the foreclosure was improper. . . . However, because the deed of trust contained a valid tenant-at-sufferance clause, appellees do not allege a title dispute that is intertwined with the right of immediate possession."); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action."); *see also de Ceja v. Shafaii Investments Ltd.*, No. 14-23-00012-CV, 2024 WL 1169977, at *5–*6 (Tex. App.—Houston [14th Dist.] Mar. 19, 2024, no pet.)

(mem. op.) (rejecting similar argument made by different individual in forcible detainer suit brought by Shafaii Investments).

Vela further argues that Shafaii Investments failed to serve her with the notice to vacate. Vela points to the Return Receipt for the Notice to Vacate, which was signed by "Paul S Vela." Vela argues that Paul, her ex-husband, was not an owner or occupant of the property and as such, service was inadequate.

Shafaii Investments, via counsel, mailed its "Demand for Immediate Possession and Notice to Vacate" to Paul S. Vela and Mary Carmen Vela at the subject address—730A Coolwood Drive, Houston, Texas, 77013—via both certified mail with return receipt requested, and first-class mail. This court has previously held that when a letter containing notice is properly addressed and mailed with prepaid postage, a presumption exists that notice was received by the addressee. *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994)). Though this presumption may be rebutted by an offer of proof that the addressee did not receive the letter, "[i]n the absence of any proof to the contrary, the presumption has the force of a rule of law." *Id.* (quoting *Thomas*, 889 S.W.3d at 238).

Here, the return receipt is insufficient to raise a question of fact as to whether Shafaii Investments, as the mortgage holder intending to foreclose on the property, fulfilled the Property Code's notice requirements. As we discussed in *Trimble*,

11

section 24.005 requires that, when notice to vacate is given by mail, notice be given "to the premises in question." *Id.* (citing TEX. PROP. CODE § 24.005(f)). The Property Code "does not require receipt by any particular person." *Id.* Even if the notice is given in person as permitted by the Property Code, the notice "may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older." TEX. PROP. CODE § 24.005(f). Further, this court has rejected an argument that notice to vacate was improper because it was mailed to "all occupants" and did not specifically name a tenant's spouse. *Khalilnia v. Fed. Home Loan Mortg. Corp.*, No. 01-12-00573-CV, 2013 WL 1183311, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.) (notice addressed to "all occupants" presumed delivered to premises, notice's failure to name tenant's spouse notwithstanding).

Here, Shafaii Investments mailed notice via both certified mail, return receipt requested, and first-class mail. The notice was addressed to Paul S. Vela and Mary Carmen Vela. There is no evidence in the record that either the certified mail or first-class mail envelopes were not delivered as addressed—that is, to the premises. *See Trimble*, 516 S.W.3d at 31. There is no requirement in the Property Code that the return receipt be signed by any particular person; in fact, section 24.005(f) permits service by regular mail (i.e., with no return receipt). TEX. PROP. CODE § 24.005(f).

Vela has failed to rebut the presumption that the notice was delivered "to the premises." *See Trimble*, 516 S.W.3d at 31; *Khalilnia*, 2013 WL 1183311, at *3. We therefore conclude that Vela failed to raise a question of fact precluding summary judgment, and we overrule Vela's second issue.

## Conclusion

Having overruled both of Vela's issues, we affirm the judgment of the trial court. We dismiss any pending motions as moot.


Amparo Monique Guerra
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.

13